JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Carl Benson ("Benson") appeals the trial court's denial of his presentence motion to withdraw his guilty plea to domestic violence. Benson contends the trial court abused its discretion in failing to hold a hearing on the motion and in failing to comply with Crim.R. 11 at the time of the plea hearing. We agree in part and reverse and remand for a hearing on Benson's motion to withdraw his guilty plea.
 {¶ 2} In March 2003, Benson was charged with two counts of domestic violence, with notice of prior conviction. On May 14, 2003, Benson pled guilty to count one and the second count was dismissed.
 {¶ 3} On May 29, 2003, two weeks after the plea hearing, Benson filed a motion to withdraw his guilty plea, asserting that his lawyer was incompetent and had provided "misleading representation." Benson claimed his lawyer "knowingly allowed inadmissible evidence produced by the prosecution to influence his ability to properly represent the defendant." Benson simultaneously filed a motion to disqualify counsel.
 {¶ 4} At sentencing on June 11, 2003, the court denied both motions without a hearing, stating:
"I will indicate for the record the operative facts of themotion. The motions are not timely filed. They are notwell-taken. This court will not address them other than to say,that the motions are considered and dismissed."
 {¶ 5} The court later added that because there was "no reasonable articulable basis to withdraw his guilty plea," the court would proceed with sentencing. The court then sentenced Benson to eleven months incarceration and ordered him to pay a $2,500 fine and court costs.
 {¶ 6} On appeal, Benson argues in his sole assignment of error that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea because the court failed to hold a hearing on the motion. Benson also argues the plea hearing did not comply with Crim.R. 11 because the colloquy between the court and Benson was insufficient.
 {¶ 7} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie
(1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. However, it is well established that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. Id. at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140.
 {¶ 8} In State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863, paragraph three of the syllabus, this court held that:
"A trial court does not abuse its discretion in overruling amotion to withdraw the plea: (1) where the accused is representedby highly competent counsel, (2) where the accused was offered afull hearing, pursuant to Crim.R. 11, before he entered the plea,(3) when, after the motion to withdraw is filed, the accused isgiven a complete and impartial hearing on the motion, and (4)where the record reveals that the court gave full and fairconsideration to the plea withdrawal request."
 {¶ 9} These factors have been expanded to include:
"(5) whether the court gave full and fair consideration to themotion; (6) whether the motion was made in a reasonable time; (7)whether the motion states specific reasons for withdrawal; (8)whether the accused understood the nature of the charges and thepossible penalties; and (9) whether the accused was perhaps notguilty or had a complete defense."
 {¶ 10} State v. Pinkerton (Sept. 23, 1999), Cuyahoga App. Nos. 75906 and 75907, citing State v. Fish (1995),104 Ohio App.3d 236, 661 N.E.2d 788; see, also, State v. Curtis (Apr. 11, 1985), Cuyahoga App. No. 48635.
 {¶ 11} In the instant case, Benson argues the plea hearing did not comply with Crim.R. 11 because there was no colloquy between the court and Benson. The taking of a plea will be affirmed on appeal as long as the court, in reviewing a challenge involving nonconstitutional rights, determines that the trial court substantially complied with the requirements of Crim.R. 11.State v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Id.
 {¶ 12} At the plea hearing, the following exchange occurred:
"The Court: Let me apprise you of your constitutional rights.You have been indicted but you're presumed innocent. You have theright to a jury trial or a bench trial at which time the Statehas the burden of proving you guilty beyond a reasonable doubt.You have no burden of going forward today. You have a fineattorney who is capable of cross-examining your accusers, callingwitnesses and utilizing the subpoena power of the Court.
 You have the right to testify or remain silent. If convicted,you have the right to appeal. By proceeding here today you arewaiving your rights, you are admitting your culpability. You'llbe sentenced. Eventually you'll be sentenced for your crimeagainst the victim in this case.
 You're pleading guilty to a felony of the fifth degree whichis punishable by six to twelve months in a state penalinstitution, a $2,500 fine. You could receive probation. Youcould be sent to the institution. You could be placed onprobation. If you violate, you could go to the institution.Additionally the court has much power in fashioning the sentence.I could place on to you conditions of probation such as a nocontact order with this victim which means exactly that. Youcontact her, you go to prison for a year. Either in person or bytelephone or by driving over or by shacking up with her thisweekend, okay?
 The Defendant: I understand, your Honor.
 The Court: You have any contact with her, you'll go and I'mnot going to listen to he said, she said nonsense. You're overthere hanging with her, your [sic] going to go. If you're overthere arguing about the kids or the food or whatever, you aretaking a trip to LCI, okay. So I just want you to know if youplead here today to this count you're not going to turn around 30seconds from now and say I didn't do it. It's a completeadmission of your guilt. It's the third time you assaulted herand I regard it as a fairly serious crime. Do you understand?
 The Defendant: Yes, Your Honor.
 The Court: Do you have any questions about what's going onhere today?
 The Defendant: No, Your Honor, I don't. My attorney advised meof everything.
 The Court: Are you satisfied with your attorney?
 The Defendant: Yes, sir, I am.
 The Court: Is the plea freely and knowledgeable[ly] andvoluntarily made?
 The Defendant: Yes, I do choose not to waste anymore of theCourt's time.
 The Court: Are you under the influence of any drugs or alcoholor medication here today?
 The Defendant: No, sir, I'm not."
 {¶ 13} Although the Court did not elicit a response from Benson after describing each constitutional right, it is clear that, under the totality of the circumstances, he understood the implications of his plea and the rights he was waiving. There is no requirement that the court elicit a separate response from the defendant immediately following its explanation of each constitutional right provided under Crim.R. 11. Therefore, this argument is unfounded.
 {¶ 14} Benson further claims that the court abused its discretion when it denied his presentence motion to withdraw his guilty plea without a hearing. Benson filed his motion to vacate his guilty plea two weeks prior to sentencing. Under Xie,
supra, such motions should be "freely and liberally granted" and a hearing is ordinarily required to determine whether a reasonable and legitimate basis exists on which the plea may be withdrawn.
"While the Xie court failed to specifically set forth whattype of hearing is required, it is axiomatic that such hearingmust comport with the minimum standards of due process, i.e.,meaningful notice and opportunity to be heard. See Fuentes v.Shevin (1972), 407 U.S. 67, 80, 92 S.Ct. 1983,32 L.Ed.2d 556. However, Xie does not require that a full evidentiaryhearing be held in all cases. In State v. Smith, 1992 Ohio App.LEXIS 6259 (Dec. 10, 1992), Cuyahoga App. No. 61464, unreported,the Eighth District Court of Appeals held that the scope of ahearing on an appellant's motion to withdraw his guilty pleashould reflect the substantive merits of the motion.1992 Ohio App. LEXIS 6259 at *13. The Smith court stated that:
 `Bold assertions without evidentiary support simply should notmerit the type of scrutiny that substantial allegations wouldmerit. * * *. This approach strikes a fair balance betweenfairness for an accused and preservation of judicial resources.'Id. See State v. Graham[,] 1996 Ohio App. LEXIS 5918 (Dec. 23,1996), Meigs App. No. 95 CA 22, unreported."
 {¶ 15} State v. Roark (Sept. 14, 2000), Cuyahoga App. No. 76878, quoting State v. Mercer (Jan. 14, 2000), Lucas App. Nos. L-98-1317, L-98-1318.
 {¶ 16} In Smith, supra, this court further noted that "the scope of the hearing is within the sound discretion of the trial judge, subject to our review for an abuse of that discretion."Smith, supra, quoting State v. Hall (Apr. 27, 1989), Cuyahoga App. No. 55289.
 {¶ 17} In the instant case, Benson argues his decision to plead guilty was based on the erroneous advice of counsel. In his motion to withdraw his guilty plea, he asserts that his trial counsel's recommendation that he plead guilty was based on evidence which Benson claims he later discovered was inadmissible. Thus, the motion stated specific reasons for withdrawal.
 {¶ 18} Although Benson's motion was not opposed by the State, the trial court refused to hear any arguments or testimony from Benson or his lawyer. The trial court simply denied the motion, stating that it was not timely filed. However, the motion was filed two weeks after the plea and two weeks prior to the sentencing hearing. Thus, the motion was made in a reasonable time and afforded the State an opportunity to respond prior to sentencing. Therefore, the State would not have been prejudiced by the withdrawal of Benson's plea.
 {¶ 19} Further, Benson asserted his innocence during the plea hearing and denied committing the offense, but stated that he "choose(s) not to waste anymore of the Court's time." Thus, there is a possibility that Benson is not guilty of the charges.
 {¶ 20} Under these circumstances, we find that pursuant toXie, supra, the trial court abused its discretion in denying Benson's presentence motion to vacate his guilty plea without a hearing. Benson was at least entitled to a determination as to whether there was a reasonable and legitimate basis for withdrawing his plea. It is clear from the record that Benson did not receive "full and fair consideration" of his request to withdraw his plea. By denying his motion in this fashion, the trial court failed to give him an opportunity to be heard and failed to satisfy even the minimum standards of due process.
 {¶ 21} Accordingly, the trial court's denial of Benson's motion to withdraw his guilty plea without a hearing was unreasonable and arbitrary and constituted an abuse of discretion.
 {¶ 22} Benson's sole assignment of error is sustained.
 {¶ 23} The judgment is reversed and the case is remanded for a hearing on Benson's motion to withdraw his guilty plea.
Kilbane, P.J., and Calabrese, Jr., J., concur.
It is ordered that appellant recover of appellee the costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.