OPINION
{¶ 1} Defendant, Brian Andriacco, appeals from his conviction and sentence for engaging in a pattern of corrupt activity.
 {¶ 2} Defendant was indicted on February 11, 2004, on one count of engaging a pattern of corrupt activity, R.C. 2923.32(A)(2), one count of conspiracy to engage in a pattern of corrupt activity, R.C. 2923.01(A)(1) and 2923.32(A)(2), (B)(1), seven counts of receiving stolen property, R.C. 2913.51, and two counts of intimidation of a witness, R.C. 2921.04. On October 1, 2004, Defendant filed a motion for a bill of particulars, which the trial court overruled on a finding that the motion was not timely filed.
 {¶ 3} On November 1, 2004, Defendant entered a no contest plea to engaging in a pattern of corrupt activity and was found guilty by the trial court. Defendant also agreed to forfeit his real property at 319 Park Avenue in West Milton, Ohio. In exchange, the State dismissed all of the other pending charges, agreed not to oppose community control, and agreed to return all of Defendant's property not determined to be stolen.
 {¶ 4} On January 5, 2005, five days before his scheduled sentencing, Defendant retained new counsel who filed a motion to continue the sentencing hearing. The trial court denied that motion, viewing it as being another one of many delaying tactics employed by Defendant during this case.
 {¶ 5} On January 7, 2005, the Friday before his Monday sentencing, Defendant filed a motion to withdraw his plea. As grounds for that relief, Defendant alleged that his prior counsel failed to review discovery and discuss defenses with him, failed to contact witnesses on the list Defendant provided, and pressured Defendant into entering a plea.
 {¶ 6} At the sentencing hearing on Monday, January 10, 2005, the trial court invited Defendant to present evidence in support of his motion to withdraw his plea. Defendant declined, stating that he was not prepared, having no notice that the court intended to hold a hearing on his motion on the day set for sentencing. After finding that the record does not support the reasons Defendant gave for wanting to withdraw his plea, the trial court proceeded to overrule Defendant's motion.
 {¶ 7} The trial court sentenced Defendant to the minimum allowable term of three years imprisonment. The court also ordered that Defendant's property at 319 Park Avenue in West Milton be forfeited, and that all of Defendant's personal property not determined to be stolen be returned to him. Defendant timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR {¶ 8} "A MOTION TO WITHDRAW A NO CONTEST PLEA PRIOR TO SENTENCING SHALL BE LIBERALLY GRANTED."
 {¶ 9} Defendant argues that the trial court abused its discretion in denying his presentence motion to withdraw his plea.
 {¶ 10} I State v. Martin (June 26, 1998), Greene App. No. 97-CA-93, this court observed:
 {¶ 11} "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. State v. Xie (1992), 62 Ohio St.3d 521. The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id. No abuse of discretion is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211." (Opinion at p. 3).
 {¶ 12} As reasons for wanting to withdraw his plea, Defendant in his motion expressed dissatisfaction with his prior trial counsel's performance. He alleged that counsel did not review the discovery materials with him or discuss possible defenses with him. Defendant further alleged that his counsel did not act upon the list of witnesses Defendant provided him, and that counsel pressured him into entering a plea, giving him only one minute to decide if he wanted to accept the State's plea offer. Defendant also claims that personal property police had seized pursuant to a search warrant was not returned to him, though a promise to do that had induced his plea agreement. Defendant further complained that he wasn't told that his guilty plea would preclude appellate review of pretrial issues such as his motion to suppress evidence.
 {¶ 13} Although the trial court offered Defendant an opportunity at sentencing to present any arguments or evidence he desired to present in support of his motion to withdraw his plea, Defendant declined to do so, saying he was not prepared because he had no notice that the court intended to hold a hearing on his plea withdrawal motion at sentencing. Neither did Defendant proffer any evidence he would have presented had he been given notice and more opportunity to prepare for the hearing. Nevertheless, the trial court did address each and every one of Defendant's reasons for wanting to withdraw his plea and concluded that the record does not support those contentions.
 {¶ 14} Though good practice may support it, we are unaware of any requirement that defense counsel review discovery material obtained from the prosecutor with his client. To the extent Defendant is actually complaining that his counsel did not talk to him and explain the nature of the State's case and the evidence against him, the trial court pointed out that a hearing was held on Defendant's motion to suppress evidence at which time various State witnesses testified, and the court and Defendant heard about several confidential informants that were prepared to testify about Defendant's illegal activities. The court's point was that the nature of the State's case against Defendant was revealed during the suppression hearing. Furthermore, at the time he entered his plea, Defendant told the trial court that his counsel had explained everything to him including the nature of the charge, had answered all of his questions, and he was satisfied with counsel's advice.
 {¶ 15} With respect to Defendant's claim that his counsel spoke to him only a few times and did not discuss possible defenses with him, the trial court pointed out that at the time he entered his plea Defendant indicated that his counsel had explained everything to him, answered all his questions, and that he was satisfied with counsel's advice. Regarding Defendant's claim that his counsel failed to act upon the list of witnesses Defendant gave him, the trial court pointed out that defense counsel filed a list of witnesses for trial that contained approximately forty-six names.
 {¶ 16} With respect to Defendant's claim that his trial counsel pressured him to enter a plea and gave him only a minute to decide whether he wanted to accept the State's plea offer, the record demonstrates that the plea negotiation process in this case was extensive and went on for several months, and included multiple contacts between the prosecutor and defense counsel. Moreover, at the time he entered his plea Defendant told the trial court that he was entering his plea voluntarily and that no one had threatened him or forced him in any way to plead, or had made any promises to him to induce his plea.
 {¶ 17} Regarding Defendant's claim that personal property seized by police pursuant to a search warrant had not yet been returned to him in accordance with the terms of the plea agreement, the trial court pointed out that under the terms of the agreement only property which was determined not to be stolen was to be returned to Defendant and, in any event, the case was not yet concluded. Finally, with respect to Defendant's complaint that he wasn't told his guilty plea would preclude appellate review of pretrial issues such as the suppression of the evidence, the trial court correctly pointed out that Defendant pled no contest and any pretrial issues were therefore preserved for appeal.
 {¶ 18} The reasons for wanting to withdraw his plea which Defendant presented in his motion presented issues that the trial court could and did determine. Defendant's failure to present any evidence or arguments, or even proffer any evidence, in support of those reasons reasonably allowed the trial court to conclude from the record that Defendant's contentions lacked any basis or support, and therefore that no reasonable and legitimate basis for allowing withdrawal of the plea had been demonstrated. We find no abuse of discretion in denying Defendant's request to withdraw his plea.
 {¶ 19} The first assignment of error is overruled. SECOND ASSIGNMENT OF ERROR
 {¶ 20} "THE COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS IN HOLDING AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW PLEA WITHOUT PRIOR NOTICE."
 {¶ 21} On the Friday before his Monday sentencing, Defendant filed a motion to withdraw his plea. The motion was filed by new counsel Defendant had retained. At the sentencing hearing, the trial court offered Defendant an opportunity to present whatever information or evidence he desired in support of his motion to withdraw his plea. Defendant declined, saying he wanted an evidentiary hearing on that matter. The trial court responded that Defendant was then being given such a hearing, and invited Defendant to present evidence in support of his motion to withdraw his plea. Defendant stated that he was not prepared to present any evidence because he lacked notice that the court intended to hold a hearing on his motion to withdraw his plea at the time of sentencing. After discussing how the record in this case refutes and fails to support each and every one of Defendant's reasons for wanting to withdraw his plea, the trial court overruled Defendant's motion requesting that relief.
 {¶ 22} Defendant argues that the trial court violated his rights to due process when it proceeded with the hearing on his motion to withdraw his plea without affording Defendant any notice that the hearing would be held at the time of sentencing. Due process contemplates that a defendant be afforded a complete and impartial hearing on his motion to withdraw his plea, and a fair and meaningful opportunity to be heard and present evidence in support of his motion. See State v. Peterseim (1980), 68 Ohio Ap.2d 211, 428 N.E.2d 863; State v. Benson (April 1, 2004), Cuyahoga App. No. 83178, 2004-Ohio-1677. Ordinarily, a hearing is required to determine whether there is a reasonable and legitimate basis for allowing Defendant to withdraw his plea. State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715.
 {¶ 23} Unlike Benson, the case relied upon by Defendant, the court in the present case did not refuse to hear any arguments or testimony from Defendant. To the contrary, the court invited Defendant to present whatever evidence he had in support of his motion to withdraw his plea. Defendant stated that he was not prepared to do that because he lacked notice that the hearing on his motion would be held at the time of sentencing.
 {¶ 24} Crim.R. 57(B) states: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." The Rules of Criminal Procedure impose no notice requirements with respect to hearings on motions. Neither do the Rules of Civil Procedure.
 {¶ 25} A motion to withdraw a plea of guilty or no contest, if granted, would preclude any sentence the court could impose for a conviction entered on a plea the court has accepted. Therefore, unless otherwise informed, counsel should reasonably anticipate that a hearing on a motion to withdraw a plea of guilty or no contest previously entered will be available at a scheduled sentencing hearing. If more time to prepare is required, counsel should ask the court for additional time and show why that additional time is required in order to demonstrate the merits of the motion.
 {¶ 26} Defendant did not proffer the evidence he would have intended to present if he had more time to prepare for the hearing. Accordingly, in considering Defendant's reasons for wanting to withdraw his plea, the trial court could reasonably determine that there was no reasonable and legitimate basis for allowing withdrawal of the plea based upon the record then before the court, as it did. The trial court did not abuse its discretion or deny Defendant due process of law in denying Defendant's presentence motion to withdraw his plea.
 {¶ 27} The second assignment of error is overruled. THIRD ASSIGNMENT OF ERROR
 {¶ 28} "THE COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR A BILL OF PARTICULARS."
 {¶ 29} On October 1, 2004, Defendant filed a written request for a bill of particulars. The trial court denied that request because it was untimely.
 {¶ 30} Pursuant to Crim.R. 7(E), a motion for a bill of particulars must be filed within twenty-one days after arraignment but not later than seven days before trial. The purpose of a bill of particulars is to inform the accused of the exact nature of the charges against him so that he has an adequate opportunity to prepare a defense. State v. Fowler
(1963), 174 Ohio St. 362.
 {¶ 31} Defendant's request for a bill of particulars was not filed within twenty-one days after arraignment. Rather, it was filed on October 1, 2004, seven and one-half months after Defendant's arraignment on February 17, 2004. However, Defendant's request was made approximately thirty days before trial. Therefore, Defendant's request for a bill of particulars was timely filed and the trial court erred in holding otherwise.
 {¶ 32} Nevertheless, we conclude that this error is harmless, at most, and did not affect the outcome of the case. While Defendant asserts that the discovery issues demonstrate that he was not apprised of the charges against him with the required degree of specificity, he does not claim that his ability to prepare a defense to those charges was hampered in any way by the failure of the State to provide a bill of particulars.
 {¶ 33} The indictment was couched largely in the language of the applicable statutes, and included all of the essential elements of the offenses charged. Crim.R. 7(B). In that regard, we note that at the time he entered his no contest plea Defendant told the trial court that he had discussed with his attorney the nature of the charge to which he was pleading no contest. Additionally, by entering a no contest plea Defendant admitted the truth of the facts alleged in the indictment. Crim.R. 11(B)(2).
 {¶ 34} Defendant has simply not demonstrated that the lack of a bill of particulars affected his substantial rights. Therefore, the error must be disregarded. Crim.R. 52(A).
 {¶ 35} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. And DONOVAN, J., concur.