[Cite as *State v. McLin*, 2013-Ohio-3360.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99249**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISAIAH McLIN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-559166, CR-559494, and CR-559636

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 1, 2013

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
The Carr Law Firm
1392 S.O.M. Center Road
Mayfield Heights, OH 44124


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brian M. McDonough
Alison N. Foy
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Isaiah McLin ("McLin"), appeals from the court's denial of his motion to withdraw his guilty plea and set aside his conviction. For the reasons that follow, we affirm.

**Substantive Facts and Procedural History**

{¶2} In February 2012, McLin was indicted in three separate cases: (1) Cuyahoga C.P. Case No. CR-559166, on charges of misuse of credit cards, theft, aggravated theft, grand theft, aggravated burglary, kidnaping, attempted rape, and rape; (2) Cuyahoga C.P. Case No. CR-559494, on charges of theft, aggravated theft, grand theft, aggravated robbery, and kidnaping; and (3) Cuyahoga C.P. Case No. CR-559636, on a charge of receiving stolen property.

{¶3} McLin's father, Ralph McLin ("Ralph McLin"), retained an attorney on his son's behalf. The above matters were scheduled for trial on October 10, 2012. Prior to the start of trial, McLin's attorney and the prosecutor began to discuss a possible plea. During the discussions, McLin's attorney proposed an agreed prison sentence of 7 to 15 years. The state countered with a proposed agreed sentence of 10 to 20 years. Thereafter, counsel proposed an agreed sentence of 7 to 20 years. The proposed 7- to 20-year sentence was approved by the state.

{¶4} McLin and Ralph McLin state in their affidavits attached to the motion to withdraw guilty plea that there was an agreement between the parties that Ralph McLin

would be the contact person for all plea negotiations. McLin claims that a plea deal was conditioned upon receiving Ralph McLin's approval. He further states that McLin's attorney advised McLin about the plea and told McLin that his father approved of the plea, when, in fact, Ralph McLin had not approved. Finally, McLin states that, in reliance upon the supposed approval of his father, he agreed to change his plea. McLin is 26 years old.

{¶5} On October 11, 2012, McLin pleaded guilty as follows: (1) in CR-559166, amended Count 2, gross sexual imposition; amended Count 3, kidnaping without the sexually violent predator specification; Count 5, aggravated robbery; (2) in CR-559494, amended Count 2, robbery; Count 3, grand theft; and (3) in CR-559636, one count of receiving stolen property. McLin's plea included an agreed prison sentence of 7 to 20 years.

{¶6} Thereafter, on November 6, 2012, McLin filed a motion to withdraw his guilty plea and set aside his conviction. The court held a hearing on McLin's motion on November 8, 2012. At the conclusion of the hearing, the trial court denied McLin's motion and proceeded to sentencing. The court sentenced McLin as follows: (1) 12 months on receiving stolen property in CR-559636; (2) 4 years on the robbery and 12 months on the grand theft in CR-559494; and (3) 18 months on the gross sexual imposition, 8 years on the kidnapping, and 8 years on the aggravated robbery in CR-559166. The court ordered the sentence in CR-559636 to be served concurrently with CR-559494 and CR-559166; the sentence in Counts 3 and 5 in CR-559166 is to

serve consecutively to each other; and the sentence in CR-559494 to run consecutively to the sentence in CR-559166. The total sentence is 20 years with postrelease control. The court also ordered restitution for the victims.

## Law and Analysis

{¶7} McLin's sole assignment of error is that the trial court erred in denying his motion to withdraw his guilty plea and set aside his conviction. He argues that the trial court did not sufficiently consider his motion to withdraw and, therefore, he did not receive a proper review of his presentence motion to withdraw his plea.

{¶8} Crim.R. 32.1 governs withdrawals of guilty pleas and provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. The trial court must, therefore, hold a hearing in order to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶9} The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980),

syllabus. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request; (5) the motion was made in a reasonable time; (6) the motion states specific reasons for withdrawal; (7) the accused understood the nature of the charges and the possible penalties; and (8) the accused was perhaps not guilty or had a complete defense. *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 8, 9; *see also Peterseim* at paragraph three of the syllabus.

{¶11} In this case, there is not a dispute over the credentials of McLin's trial counsel. The record of the hearing reflects that McLin's attorney, in fact, is highly competent and has extensive experience in his criminal defense practice.

{¶12} With respect to the second factor listed above, McLin was afforded a full hearing, pursuant to Crim.R. 11, before he entered his plea. Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure that the plea is voluntary, that the defendant understands the

nature of the charges and the maximum penalty involved, and that the defendant understands the constitutional right he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. *See, e.g.*, *State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18.

{¶13} At the plea hearing in this case, the trial court conducted a thorough colloquy detailing McLin's rights under Crim.R. 11(C), ensuring that McLin understood those rights. The court reiterated the charges to which McLin was pleading guilty, informing him of the potential penalties of those charges and ensuring that he understood the nature of the charges as well as the potential penalties. The court also informed McLin that it would sentence him to "somewhere between 7 and 20 years." The court advised McLin that there was no promise of a particular sentence and it would consider a presentence report in order to make an informed decision with respect to the prison range. When the court asked McLin if he understood his rights, the charges, and the possible penalties, he replied, "Yes." Finally, the court asked McLin if anyone has threatened, forced, or promised him anything in exchange for the plea, to which McLin responded, "No." During the hearing on McLin's motion to withdraw his plea, McLin's newly retained counsel conceded, in fact, that his client's plea was entered knowingly and voluntarily, albeit based upon the alleged "false pretenses" that his father had approved of

the plea deal. Thus, the trial court fully complied with Crim.R. 11 during McLin's plea colloquy.

{¶14} A review of the above facts concerning the plea hearing, as well as the transcript of the plea hearing, demonstrates that McLin understood the nature of the charges and the possible penalties sufficient to support the seventh factor. The trial court conducted a thorough colloquy of McLin's rights, and McLin acknowledged that he understood every charge and possible penalty as identified by the court.

{¶15} On October 11, 2012, McLin pleaded guilty to the amended charges. Less than one month later, on November 6, 2012, he filed a motion to withdraw his guilty plea, stating a specific reason for his withdrawal. We find this motion was made within a reasonable time. Two days after the motion was filed, the trial court conducted a complete and impartial hearing on the motion. At the hearing, McLin's new counsel advised the court that it would rest on its motion. The state called McLin's former counsel to testify on its behalf. During this hearing, the court inquired about possible defenses or the possibility that McLin was not guilty of the charges to which he pleaded. In response to the court's inquiry, McLin's trial counsel advised the court that his client acknowledges his wrongdoing and "is not saying to the court that he is not wrong in what he did."

{¶16} Finally, we address the fourth factor in determining whether the trial court abused its discretion when it denied McLin's motion to withdraw his guilty plea. Upon

review of the record, we find the trial court gave full and fair consideration to McLin's plea withdrawal request.

{¶17} The record demonstrates that the trial court conducted a full hearing, heard evidence, and considered McLin's argument in support of his motion, including the affidavits of McLin and Ralph McLin. In denying the motion, the trial court reiterated that McLin acknowledged that he understood the nature of the charges and the possible penalties, and McLin acknowledged his wrongdoing.

{¶18} The court considered the testimony of McLin's trial counsel. McLin's former attorney testified that the parties had engaged in plea negotiations, and he advised his client to take the offer of 7 to 20 years. He told McLin that McLin "had to make an independent decision of whether or not that's fair for him." He further testified that he informed McLin that McLin needed to make a personal decision of whether or not he wanted the 7 to 20 years. McLin's former counsel testified that it was McLin's decision to accept the plea deal.

{¶19} The record shows that the trial court specifically considered McLin's stated reason for wishing to withdraw his plea: his father did not approve of the plea deal. The court found McLin's reason baseless, stating that McLin's father's approval of a plea deal "is not really a question for the Court" and it is, rather, "the defendant's decision what to do."

**{¶20}** Applying the factors listed above, we find that the trial court acted within its discretion in denying McLin's motion to withdraw his guilty plea. Accordingly, McLin's sole assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR