JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jerome Hall, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant was arrested on November 13, 2004, by members of the Cleveland Police Department following a controlled buy of crack cocaine by an informant. He was subsequently indicted by a grand jury on November 19, 2004. Appellant was named on the first eight counts of the nine-count indictment, criminal Case No. CR 459174. Count one alleged that appellant sold or offered to sell crack cocaine exceeding one hundred grams in violation of R.C. 2925.03; count two alleged preparation for shipment of the same drugs in violation of R.C. 2925.03; and count three alleged that appellant possessed that same crack cocaine in an amount exceeding one hundred grams. All three counts were alleged to have occurred on November 13, 2004, and all three counts contained major drug offender specifications as well as one-and three-year firearm specifications. Thus, each of these three counts carried with them a mandatory term of imprisonment of ten years for the underlying felony, plus three years for the firearm specifications.
 {¶ 3} Counts four, five and six alleged violations of the same code sections but for an amount of crack cocaine between twenty-five and one hundred grams on November 9, 2004. Thus, each of these three counts carried with them a mandatory term of incarceration of three to ten years in one-year increments.
 {¶ 4} Count seven alleged a violation of R.C. 2923.24, possession of criminal tools, a felony of the fifth degree, and count eight alleged a violation of R.C. 2923.13, having a weapon while under a disability, a felony of the third degree. Both of these counts were alleged to have occurred on November 13, 2004.
 {¶ 5} Appellant entered a plea on July 18, 2005. The prosecutor amended count one by reducing the amount of crack cocaine from more than one hundred grams to between twenty-five and one hundred grams and deleting the one-year firearm specification. As amended, count one was now a felony of the first degree, with a mandatory term of incarceration from three to ten years. The plea agreement included a nine-year mandatory term of incarceration for the underlying felony of selling or offering to sell between twenty-five and one hundred grams of crack cocaine, plus consecutively, the three years for the three-year firearm specification, which would be a total of twelve years. The remaining counts were dismissed on the state's motion. This appeal follows.
 II. {¶ 6} First assignment of error: "The appellant's guilty plea was not a knowing and voluntary plea when the trial court failed to comply with R.11 and O.R.C. 2943.032. The guilty plea must be vacated as a violation of due process under the federal constitution."
 {¶ 7} Second assignment of error: "The appellant's sentence must be vacated and a new sentencing hearing conducted pursuant to State v.Foster, 2006 Ohio 856."
 {¶ 8} Supplemental assignment of error: "Defendant-appellant was denied the effective assistance of counsel during the guilty plea proceedings and at the time of sentencing, when defense counsel's performance of his duties was deficient in that he failed to function as the counsel guaranteed by the Sixth Amendment to the United States Constitution, and the defendant-appellant was prejudiced by defense counsel's deficient performance."
 III. {¶ 9} Appellant argues in his first assignment that his guilty plea was not a knowing and voluntary plea, and the trial court failed to comply with Crim.R. 11 and R.C. 2943.032. The record demonstrates that appellant's plea was a knowing and voluntary plea.
 {¶ 10} When the lower court asked appellant if anyone had made him any promises, threats or offered him anything in order to cause him to enter into the plea, appellant replied, "No, nothing other than the plea agreement." The trial court also advised appellant about post-release control, stating, "Upon release from prison, you will be subject to 5 years of post-release control by the Adult Parole Authority. Any misbehavior while under their supervision can lead to further incarceration."[1] Appellant was also asked by the trial court whether he had any questions. Appellant stated that he did not understand how he was being charged both federally and by the state for the firearm. His defense counsel told the court how he had explained this to appellant, and then the trial court again explained to appellant why he was prosecuted in both jurisdictions. After the trial court's explanation, appellant stated, "Okay. I understand."[2] He had no more questions.
 {¶ 11} Accordingly, appellant's first assignment or error is overruled.
 {¶ 12} Appellant argues in his second assignment of error that the lower court ran afoul of State v. Foster, 109 Ohio St.3d, 2006-Ohio-856. However, we do not find merit in appellant's argument. A number of appellate courts, including this court, have held that an appellant waives any arguments under Apprendi, Blakely, and their progeny through a jointly recommended sentencing agreement.[3] See State v.Tillman, Huron App. No. H-04-040, 2005-Ohio-2347, at p. 5, citingBlakely, at 2541. Accord, Dennison, at p. 12; State v. Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692; State v. Phillips, Logan App. No. 8-05-05, 2005-Ohio-4619; State v. Rockwell, Stark App. No. 2004CA00193,2005-Ohio-5213.
 {¶ 13} R.C. 2953.08, grounds for appeal by defendant or prosecutor of sentence for felony; appeal cost oversight committee, provides the following:
 "(D) (1) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
(Emphasis added.)
 {¶ 14} We have no jurisdiction to review agreed upon sentences that are not contrary to law. Therefore, agreed upon sentences are not subject to the State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, mandate to vacate sentences made under S.B. 2. See State v. Woods, Clark App. No. 05CA0063, 2006-Ohio-2325.
 {¶ 15} A review of the record in the case at bar demonstrates that the parties jointly agreed upon and jointly recommended the sentencing agreement.
 "Ms. Naiman: " Your Honor, there is an agreed-to sentence here, if it is acceptable to this Court, and that is Mr Hall agrees to a 9-year mandatory term of incarceration for the underlying felony of selling or offering to sell between 25 and 100 grams of cocaine, plus consecutively, the 3 years for the 3-year firearm spec, which would be a total of 12 years. * * *. Is that not correct, Mr. Butler?
 Mr. Butler: Yes.
 Ms. Naiman: Okay. With that, if there's a change of defendant's plea forthcoming, the State of Ohio moves to dismiss all remaining counts against Mr. Hall. There have been no threats or promises by any member of my office or the investigation law enforcement agency in order to induce the anticipated change in plea. * * *[4]
 Mr. Butler: Judge, that's a correct statement of the plea agreement."
 {¶ 16} Accordingly, appellant's second assignment of error is overruled.
 {¶ 17} Appellant argues in his supplemental third assignment of error that he was denied effective assistance of counsel. In order to successfully assert ineffective assistance of counsel under theSixth Amendment, the dual prongs of the test set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, must be satisfied. A defendant must show not only that the attorney made errors so serious that he was not functioning as "counsel," as guaranteed by the Sixth Amendment, but also that the deficient performance was so serious as to deprive him of a fair and reliable trial. Id. at 687.
 {¶ 18} The Ohio Supreme Court set forth a similar two-part test:
 "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."
State v. Bradley (1989), 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373.
 {¶ 19} Because there are countless ways to provide effective assistance in any given case, the scrutiny of counsel's performance must be highly deferential, and there will be a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, supra; accord State v. Bradley, supra. In sum, it must be proven that counsel's performance fell below an objective standard of reasonable representation, and that prejudice arose from his performance. Id.
 {¶ 20} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 17 Ohio B. 219, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164.
 "Judicial scrutiny of counsel's performance must be highly deferential * * *," and "* * * a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *."
Strickland, supra, at 689.
 {¶ 21} As previously stated, a review of the record demonstrates that appellant's plea was knowingly, intelligently and voluntarily given. Moreover, we find nothing in the record to demonstrate ineffective assistance of counsel on the part of appellant's trial counsel. The conduct in this case did not constitute a substantial violation of any of defense counsel's essential duties to the client. Furthermore, we find that the record demonstrates that appellant was not prejudiced by counsel.
 {¶ 22} Appellant's supplemental third assignment of error is overruled.
 Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] Tr. 10, 11.
[2] Tr. 11.
[3] Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
[4] Tr. 5, 6, 7.