{¶ 1} Defendant-appellant Maurice Melton appeals from his conviction after he entered a guilty plea to a first-degree felony charge of possession of crack cocaine.
 {¶ 2} Melton presents three assignments of error. First, he asserts the trial court erred in accepting his plea, because the court failed to explain during the plea hearing that he was ineligible for probation. In his second and third assignments of error, Melton claims his trial counsel provided ineffective assistance, because *Page 2 
counsel failed to ensure Melton understood the terms of the plea agreement, and, further, failed to seek a withdrawal of Melton's plea during the sentencing hearing.
 {¶ 3} Since, however, Melton's assignments of error lack support in the record, they are overruled. Melton's conviction is affirmed.
 {¶ 4} Melton originally was indicted in this case in February 2006 along with three co-defendants; nine of the fifteen counts pertained to Melton.
 {¶ 5} Melton was charged in counts one through five with: possession of, trafficking in, and illegal manufacture of, crack cocaine, in an amount exceeding one hundred grams; tampering with evidence; and, possession of criminal tools. Counts one and two additionally contained major drug offender specifications and a juvenile specification.
 {¶ 6} Counts eleven through fourteen charged Melton with possession of, and trafficking in, crack cocaine in an amount between one hundred and five hundred grams, with firearm specifications, along with possession of criminal tools, and having a weapon while under disability. Melton entered pleas of not guilty to the charges and retained counsel to represent him.
 {¶ 7} The record reflects that approximately six months later, after several pretrial hearings took place, Melton chose a different attorney. Melton's new counsel, in effect, began the discovery process all over again. The case eventually was set for trial on December 13, 2006. *Page 3 
 {¶ 8} On that date, the prosecutor informed the court that, although the state was ready to proceed to trial, Melton and two of his co-defendants had reached plea agreements in the case. Melton would enter a guilty plea to only count two, trafficking, as amended, with "an agreed to sentence of eight years * * * mandatory incarceration." In exchange, the state agreed to reduce the amount of drugs alleged to between twenty-five and one hundred grams, delete the specifications, and dismiss the remaining counts.
 {¶ 9} The prosecutor noted that the plea additionally disposed of a 1995 case against Melton, in which he was charged, inter alia, with "aggravated trafficking." Melton would plead guilty to that charge, and, in exchange, the other count would be dismissed and the eighteen-month sentence for the offense would be served concurrently with the eight years imposed in the instant case.
 {¶ 10} The trial court asked Melton's attorney if the prosecutor correctly outlined the agreement, and received an affirmative response. The court then asked Melton if he "understood what the prosecutor ha[d] said and what [his] attorney [wa]s agreeing with and [wa]s that [his] understanding of the plea as well?" Melton answered, "Yes."
 {¶ 11} The trial court at that point proceeded to conduct a careful Crim.R. 11(C) colloquy with Melton. The court concluded it by informing him that a first-degree felony offense carried a potential term of incarceration of "3, 4, 5, 6, 7, 8, 9, *Page 4 
or 10 years," but since there was "an agreed eight year sentence in this matter," the court "would follow that recommendation if [he] showed up for [his] sentencing."
 {¶ 12} After detailing postrelease control requirements and consequences, the court reminded Melton that if he did not return for his sentencing hearing, the promise of a particular sentence would be withdrawn. Melton stated he understood. At that, the trial court accepted Melton's plea, found him guilty of the amended charge, and dismissed the other counts.
 {¶ 13} The court called the case for sentencing a month later. Melton's attorney indicated to the court that, although his client did not "have a problem with the fact he is going to jail," he wondered if sentencing could be postponed for a time. Counsel stated Melton needed additional time to secure care for his ailing mother.
 {¶ 14} Melton also addressed the court. He stated that he had come "on down here to get [his] eight years," but hoped the judge would allow him "two more weeks to get her situated." When the court remained disinclined to do so, Melton asked if his "whole eight years [wa]s mandatory?" The court reminded him that "[t]hat was pretty clear at [his] plea" hearing.
 {¶ 15} The court thereupon imposed the eight-year term.
 {¶ 16} This court has granted Melton's motion to file a delayed appeal of his conviction. He presents three assignments of error for review. *Page 5 
 "I. The trial court erred by not advising Appellant of his rights in amanner that complies with Crim.R. 11.
 "II. Appellant's attorney failed to competently represent theAppellant by not ensuring that Appellant understood the plea agreementthat was offered and accepted.
 "III. Attorney failed to competently represent the Appellant by notmaking an attempt to withdraw the Appellant's guilty plea when it becameapparent that the Appellant did not fully understand the terms of theplea."
 {¶ 17} Melton initially asserts that the trial court acted improperly in accepting his plea, because it failed to comply completely with the dictates of Crim.R. 11(C).
 {¶ 18} In pertinent part, Crim.R. 11(C)(2) states that the trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:" including, in subsection (a), "[d]etermining that he is making the plea voluntarily, with understanding* * * if applicable, that [he] is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Melton argues the trial court did not make the foregoing determination.
 {¶ 19} The supreme court has held that there must be "substantial compliance" with the non-constitutional requirements of Crim.R. 11(C)(2)(a). State v. Nero (1990), 56 Ohio St.3d 106. It defined the term "substantial compliance," as *Page 6 
meaning "that under the totality of the circumstances the defendant subjectively understands the implications of his plea * * *." Id. at 108.
 {¶ 20} The record of this case demonstrates the standard was met. During the plea hearing, the prosecutor explained the agreement, Melton's attorney concurred in that recitation, and Melton acknowledged he understood that, in exchange for his guilty plea, and as long as he appeared for his sentencing hearing, he would receive a mandatory eight-year term. Since no qualification of the word "mandatory" was mentioned, Melton understood none existed.
 {¶ 21} Indeed, when Melton addressed the court at the sentencing hearing, he reiterated his understanding. It was only when the trial court refused to consider Melton's request for a postponement of the imposition of sentence that Melton attempted to wheedle from the court some amelioration of the agreed-upon term.
 {¶ 22} Under the circumstances, the trial court properly accepted Melton's plea. State v. Hall, Cuyahoga App. No. 87059, 2007-Ohio-414;State v. Jackson, Cuyahoga App. No. 86506, 2006-Ohio-3165. Melton's first assignment of error, accordingly, is overruled.
 {¶ 23} Melton further claims in his second and third assignments of error that his retained trial counsel provided ineffective assistance, arguing that counsel should have ensured Melton understood the eight-year term was unqualified, and, since *Page 7 
counsel did not do so, should have moved to withdraw Melton's plea at the sentencing hearing.
 {¶ 24} In order to prevail on a claim of ineffective assistance of counsel, Melton first must demonstrate his counsel's performance was deficient, and then must show his counsel's deficient performance prejudiced his defense. State v. Bradley (1989), 42 Ohio St.3d 136. Counsel is presumed to render adequate assistance unless the appellant demonstrates otherwise. State v. Smith (1985), 17 Ohio St.3d 98.
 {¶ 25} The record in this case reflects counsel was diligent in pursuing discovery, and thus well-prepared to broker a plea agreement by which eight of the nine outstanding counts against his client were dismissed by the state, and the remaining count also was amended in Melton's favor. Although the remaining count was still a first-degree felony, counsel arranged to have his client exposed to only an eight-year sentence in the face of all the charges. This result hardly can be considered deficient performance. State v. Corbin (2001), 141 Ohio App.3d 381.
 {¶ 26} Similarly, as previously explained, counsel had no basis at the sentencing hearing upon which to seek to withdraw such an advantageous plea agreement. Counsel made a persuasive argument for postponement of Melton's sentence; the trial court simply remained unmoved. Counsel cannot be faulted for being unsuccessful in this particular matter. *Page 8 
 {¶ 27} Since Melton cannot demonstrate his claim of ineffective assistance of trial counsel, his second and third assignments of error also are overruled. State v. Hall, supra.
 {¶ 28} Melton's conviction is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1