JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jerome Hall ("appellant"), appeals the trial court's denial of his motion to withdraw guilty plea. For the reasons set forth below, we affirm. *Page 3 
 {¶ 2} On July 18, 2005, appellant pled guilty to one count of drug trafficking, in violation of R.C. 2925.03, with a three year firearm specification, in violation of R.C. 2941.145.
 {¶ 3} On August 25, 2005, the trial court sentenced appellant to nine years imprisonment for the drug trafficking conviction, to be served consecutively to a three-year sentence for the firearm specification, for a total of 12 years incarceration. The court further ordered that the 12-year sentence be served consecutively to appellant's previous federal sentence in federal case no. 105-CR-18.
 {¶ 4} Appellant timely appealed the voluntariness of his plea to this court. On February 20, 2007, in State v. Hall I, Cuyahoga App. No. 87059, 2007-Ohio-414, we determined that appellant's plea was entered knowingly, intelligently, and voluntarily. The Ohio Supreme Court denied appellant leave to appeal and dismissed his appeal on July 23, 2007.
 {¶ 5} On December 21, 2007, over two years after the imposition of his sentence, appellant filed a motion to withdraw his guilty plea. The trial court denied the motion without a hearing on January 3, 2008.
 {¶ 6} Appellant now appeals and asserts the following assignment of error for our review:
 {¶ 7} "Defendant was denied due process of law when his motion to withdraw his plea of guilty was denied without an evidentiary hearing."
 {¶ 8} Within this assignment of error, appellant maintains that the trial court *Page 4 
erred in not holding a hearing on his motion to withdraw his guilty plea.
 {¶ 9} In State v. Thomas, Cuyahoga App. No. 87666, 2006-Ohio-6588, this court stated:
 {¶ 10} "Significantly, the Ohio Supreme Court has held that proper basis for dismissing a petition for postconviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation of res judicata to bar the constitutional claims raised in the petition. [State v.] Calhoun,86 Ohio St.3d [279, 1999-Ohio-102, 714 N.E.2d 905] at paragraph two of the syllabus; State v. Lentz, 70 Ohio St.3d 527, 530, 1994-Ohio-532,639 N.E.2d 784. In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case."
 {¶ 11} After reviewing the record and the arguments, we find that the trial court was not required to hold a hearing. In his postconviction motion to withdraw, appellant claims that his guilty plea was not entered knowingly or voluntarily because he was not made aware that his state sentence would be served consecutively to his federal sentence. This issue, however, could have been previously raised on direct appeal and is now barred by the doctrine of res judicata. State v. Wangul, Cuyahoga App. No. 84698, 2005-Ohio-1175, citing State v. Brown, Cuyahoga App. No. 84322, *Page 5 2004-Ohio-6421, State v. Rodriguez, Cuyahoga App. No. 84161,2004-Ohio-6010.
 {¶ 12} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. The doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims which could have been litigated in the first lawsuit. Id. at 382. Accordingly, a plaintiff must present every ground for relief in the first action "or forever be barred from asserting it." Id. Such a mandate prevents repeated attacks on a final judgment. State v. Brown, Cuyahoga App. No. 84322, 2004-Ohio-6421.
 {¶ 13} Ohio law is well-settled that, pursuant to the doctrine of res judicata, a defendant cannot raise an issue in a motion for postconviction relief that he could have raised, or did raise, on direct appeal. State v. Reynolds, 79 Ohio St.3d 158, 161, 1997-Ohio-304,679 N.E.2d 1131, citing State v. Duling (1970), 21 Ohio St.2d 13,254 N.E.2d 670, vacated on other grounds by Duling v. Ohio (1972), 408 U.S. 936, 92 S.Ct. 2861, 33 L.Ed.2d 753; State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. Such a conclusion promotes the principle of finality of judgments. Kirkhart v. Keiper, 101 Ohio St.3d 377, 378, 2004-Ohio-1496,805 N.E.2d 1089, citing Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62, 558 N.E.2d 1178. *Page 6 
 {¶ 14} In the instant action, appellant raised claims in his postconviction motion to withdraw that he could have raised in his previous appeal to this court. At the sentencing hearing on August 25, 2005, the trial court notified appellant that his 12-year sentence in the state case would be served consecutively to the federal sentence. Appellant timely appealed his guilty plea and sentence to this court, arguing that his guilty plea was not entered knowingly and voluntarily. In State v. Hall I, Cuyahoga App. No. 87059, 2007-Ohio-414, this court affirmed appellant's guilty plea and sentence in February of 2007. Over two years thereafter, appellant filed a motion to withdraw his guilty plea asserting that his guilty plea was not entered knowingly or voluntarily because, had he been aware that the trial court would order his state and federal sentences to be served consecutively to each other, he would not have agreed to the plea agreement. Appellant, however, had the opportunity to raise this argument in his first appeal to this court and failed to do so. Accordingly, he was barred by the doctrine of res judicata from seeking withdrawal of his guilty plea. Therefore, the trial court did not abuse its discretion in denying appellant's motion to withdraw without a hearing.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case *Page 7 
remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1