OPINION *Page 2 
¶{1} Defendant-appellant Jesse McQueen appeals the decision of the Mahoning County Common Pleas Court that denied his post-sentence motion to withdraw his guilty plea without holding a hearing. The two primary issues raised in this appeal are: 1) whether trial counsel's alleged ineffectiveness justifies the withdrawal of McQueen's guilty plea; and 2) did the trial court commit error when it did not hold a hearing prior to overruling the motion to withdraw the plea. For the reasons expressed below, the trial court did not abuse its discretion when it denied the post-sentence motion to withdraw the guilty plea. Therefore, the judgment of the trial court is affirmed.
 STATEMENT OF CASE ¶{2} The Youngstown Police Department obtained a search warrant to search McQueen's residence. During that search, they found a gun and cocaine. Consequently, McQueen was indicted on December 15, 2005, for one count of possession of cocaine violating R.C. 2925.11(A)(C)(4)(d), a second degree felony, and one count of weapons under disability violating R.C. 2923.13(A)(3)(B), a third degree felony. He originally entered a not guilty plea, however, after Crim. R. 11 plea negotiations, the state moved to amend the indictment's first count from a second degree felony to a third degree felony (R.C. 2925.11(A)(C)(4)(c)). The trial court allowed the amendment and after a Crim. R. 11 colloquy, McQueen entered a guilty plea. 02/26/07 J.E.
¶{3} Sentencing occurred on April 10, 2007. McQueen was sentenced to two years on the first count and one year on the second count. The sentences were ordered to be served concurrently. 04/11/07 J.E.
¶{4} McQueen filed a motion to withdraw his guilty plea and two supplements to that motion. The original motion was filed on July 16, 2007, three months after he was sentenced and five months after his plea was entered. He asserted that trial counsel failed to advise him that the possession of cocaine charge carried a mandatory one year term of incarceration. Therefore, he contended that his plea was not entered into knowingly. In the first supplement, in addition to the above reason, he asserted that the basis for the search of his house was invalid. He averred that the state searched the house to find a gun involved in a murder. The gun found, however, *Page 3 
did not match the weapon the police were looking for and thus, according to the motion, that rendered the search invalid. In the last pro se supplement, he claimed that the trial court's failure to find him guilty means the plea did not occur, and thus, the sentence did not legally occur. According to him, this means that he does not have to demonstrate a manifest injustice in order for the plea to be vacated. Thereafter, the state filed a memorandum in response to the motion to withdraw McQueen's guilty plea and his supplements.
¶{5} A hearing was set on the above motions. But, on the day of the hearing, McQueen's counsel filed a motion for continuance. The trial court denied the continuance and determined that it was unnecessary to have an oral argument. The trial court then overruled the motion to withdraw the guilty plea. McQueen timely appeals.
 FIRST ASSIGNMENT OF ERROR ¶{6} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL FAILED TO FILE PRE-TRIAL MOTIONS, SUCH AS A REQUEST FOR DISCOVERY, MOTION TO SUPPRESS, MOTION TO RELEASE THE NAME OF THE STATE'S CONFIDENTIAL INFORMANT. THESE FAILURES DEMONSTRATE THE LACK OF PROPER REPRESENTATION PROVIDED BY TRIAL COUNSEL."
¶{7} Rule 32.1 of the Ohio Rules of Criminal Procedure provides that a defendant may move to withdraw a guilty plea after sentence only to correct a manifest injustice. That requires a showing of extraordinary circumstances. State v. Smith (1977), 49 Ohio St.2d 261. A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him. State v. Hartzell (August 20, 1999), 2d. Dist. No. 17499.
¶{8} This is the correct standard. McQueen, in his pro se supplemental motion to withdraw the guilty plea, insisted that the trial court did not find him guilty and thus the pre-sentence standard should be used instead of the post-sentence manifest injustice standard. However, the record does not reflect that the guilty plea was not accepted. At the plea hearing, the trial court stated: *Page 4 
 ¶{9} "Therefore, the court will accept the plea to the counts in the indictment, same will be ordered filed, and we will order a presentence investigation from the Adult Parole Authority, and we will come back for sentencing on April 3rd, 2007, at nine o'clock in the morning." (Tr. 14).
¶{10} Likewise, in the judgment entry journalizing the plea, the trial court stated:
¶{11} "The court accepts defendant's plea of guilty to said charges and the same is ordered filed." 02/27/07 J.E.
¶{12} These statements are an acceptance of the guilty plea. This is not the scenario of a no contest plea where a finding of guilt must be made. State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 10. A plea of guilty and acceptance of that plea is a finding of guilt. Id. Accordingly, McQueen's motion to withdraw his plea was a post-sentence motion.
¶{13} We review the decision to grant or deny a post-sentence motion to withdraw a guilty plea under an abuse of discretion standard of review. State v. Xie (1992), 62 Ohio St.3d 521, 527. An abuse of discretion connotes more than an error of law or judgment; rather, it implies the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
¶{14} Therefore, we now address whether the trial court abused its discretion when it denied McQueen's motion to withdraw his guilty plea. He argues that the motion should have been granted because trial counsel provided ineffective assistance of counsel.
¶{15} "It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, ¶ 6, citing State v. Kole (2001), 92 Ohio St.3d 303, 306, citingStrickland v. Washington (1984), 466 U.S. 668, 687.
¶{16} In the context of a guilty plea, the defendant must demonstrate that "there is a reasonable probability that, but for his counsel's deficient or unreasonable performance, the defendant would not have pled guilty" and would have insisted on going to trial. Xie,62 Ohio St.3d at 524; citing Hill v. Lockhart (1985), 474 U.S. 52, 58-59. *Page 5 
See, also, State v. Schmidt, 3d Dist. No. 15-05-18, 2006-Ohio-2948, ¶ 32;State v. Dudas, 11th Dist. Nos. 2007-L-140 and 2007-L-141,2008-Ohio-3262, ¶ 89.
¶{17} The Eleventh District has additionally explained:
¶{18} "The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." State v. Madeline, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332. (Internal Citations Omitted.) See, also,State v. Mays, 174 Ohio App.3d 681, 685, 2008-Ohio-128, ¶ 9 (Eighth Appellate District adopting Eleventh Appellate District's rationale).
¶{19} The Madeline court explained that a guilty plea represents a break in the chain of events that preceded it in the criminal process. Consequently, a defendant who admits his guilt waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceedings unless it affected the knowing and voluntary nature of the plea. This court adopted the standard inState v. Doak, 7th Dist. Nos. 03CO15 and 03CO31, 2004-Ohio-1548, ¶ 55.
¶{20} Thus, with all the above in mind, we look to the alleged reasons that counsel was ineffective. In general, McQueen contends that counsel was ineffective because he failed to research the case and if counsel had, he would have found that the state did not have sufficient grounds to prosecute the indictment. His argument can be divided into three specific instances of alleged ineffectiveness: 1) failure to request discovery from the state; 2) failure to file a suppression motion; and 3) failure to file a motion to name the confidential informant. Each allegation will be addressed in turn.
 ALLEGED FAILURE TO REQUEST DISCOVERY ¶{21} McQueen argues in his brief that trial counsel did not request discovery pursuant to Crim. R. 16, and did not request a bill of particulars. He contends that had counsel done this and researched the case he could have found that the state did not have sufficient grounds to prosecute the indictment.
¶{22} At the outset, it is noted that this argument was not made in any of the three motions to withdraw his guilty plea. Thus, this argument is forfeited. *Page 6 
 ¶{23} However, even if it was not, it has no merit. The record clearly indicates that while counsel did not request discovery pursuant to Crim. R. 16, the state did provide discovery. 01/30/06 J.E. The record does not disclose what discovery was provided and McQueen does not indicate if any was omitted. Thus, McQueen has failed to show that counsel was ineffective and that he was prejudiced; he fails to meet the ineffective assistance of counsel standard.
¶{24} Furthermore, as the state points out, Mahoning County has an open discovery policy. State v. Brown, 7th Dist. No. 03MA32,2005-Ohio-2939, ¶ 88. "Therefore, all of the State's evidence was available for appellant and his counsel to examine in preparation for trial. This would include police reports and witness statements." Id. Courts have held that when the state allows open-file discovery, a bill of particulars is not required. State v. Evans, 2d Dist. No. 20794,2006-Ohio-1425, ¶ 24; State v. McDay (Sept. 20, 2000), 9th Dist. No. CA19610.
¶{25} In conclusion, nothing in the record suggests that counsel was not aware of all of the state's evidence. Consequently, counsel's performance does not rise to the level of deficient performance. Any argument to the contrary lacks merit.
 SUPPRESSION MOTION ¶{26} McQueen argues that counsel should have attempted to suppress the discovery of the gun. He contends that the state searched his home because it believed he had a gun that was involved in an unrelated murder. It was during this search that a Stallard Arms 9mm handgun and cocaine were found. According to McQueen, the Stallard was later determined to be unrelated to the murder. Somehow he believes this information would have rendered a suppression motion meritorious.
¶{27} The record does not contain the search warrant, therefore, this court is not aware of the language and scope of the warrant. When an appellant argues that trial counsel was ineffective for failing to file a suppression motion and the search warrant is not part of the record, we are to presume the regularity in the proceedings below and find no merit with the argument. State v. Farris, 8th Dist. No. 84795,2005-Ohio-1749, ¶ 9. Thus, without a complete record, we cannot review this argument.
 FAILURE TO REQUEST NAME OF THE CONFIDENTIAL INFORMANT ¶{28} Lastly, McQueen argues that his counsel was ineffective for failing to file a motion to disclose the confidential informant. He alleges that if trial counsel filed this motion, he could have challenged the credibility of that individual and the information *Page 7 
that individual provided to the police. McQueen then states that a review of the sentencing hearing shows that trial counsel was aware of who may have provided the information about the gun.
¶{29} The record does not indicate what the warrant was based upon, i.e. a tip from a confidential informant. The warrant is not a part of the record on appeal and as explained above we must presume the regularity of the proceedings below.
¶{30} Regardless, the sentencing transcript does show that counsel was aware of who provided the information that a gun believed to have been used in a homicide was at McQueen's house. (04/10/07 Tr. 10). Given that counsel was aware of who the informant was, there was no reason to file the motion to compel. As such, counsel's performance was not deficient. Considering the above, we cannot find any merit with McQueen's assertion that the failing to file a motion to compel the identity of the alleged confidential informant resulted in ineffective assistance of counsel.
¶{31} To sum up, all of the above arguments lack merit because McQueen has failed to prove that his counsel's performance fell below an objective standard of reasonable representation. However, even if he could prove that, he would still need to show prejudice, as is explained above. Thus, he would need to show that his plea was not entered into knowingly and voluntarily. These arguments are fully discussed in McQueen's third assignment of error.
 SECOND ASSIGNMENT OF ERROR ¶{32} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE HIS PLEA WITHOUT A HEARING TO ALLOW APPELLANT TO ARGUE THE BASIS OF HIS MOTION."
¶{33} McQueen contends the trial court abused its discretion when it did not permit him to have a hearing on his motion to withdraw his guilty plea. A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a plea of guilty. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. State v. Brooks, 7th Dist. No. 04MA240,2005-Ohio-5058, ¶ 9, citing State v. Hamed (1989), 63 Ohio App.3d 5, 7
and State v. Blatnik (1984), 17 Ohio App.3d 201, 204. The decision to hold a hearing on the motion to withdraw is subject to an abuse of discretion standard of review. Smith, 49 Ohio St.2d 261. *Page 8 
 ¶{34} It took six months for a hearing on the motion to withdraw the guilty plea. The original pro-se motion was filed in July 2007. A motion hearing was set for October 16, 2007, and at that hearing the trial court granted McQueen 14 days to file a supplemental brief. 10/17/07 J.E. The motion hearing was then reset for November 30, 2007. 10/17/07 J.E. At that hearing, McQueen again requested additional time to file a supplemental brief, which was once again granted. 11/30/07 J.E. Two pro-se supplemental motions were filed on December 20 and December 31, 2007. Counsel also filed a supplement to pro-se motion to withdraw the guilty plea on December 20, 2007. The state then responded on January 17, 2008. The motion hearing was set for January 18, 2008 and on that day, McQueen's counsel moved to continue the matter. The trial court considered that request and determined that it did not need a hearing:
¶{35} "Immediately prior to the hearing this Court, received a Motion to Continue the hearing due to the unavailability of Attorney Carfolo. * * * It was ordered by this Court that Defendant's Motion to Continue was OVERRULED and the Court proceeded to rule on the Motions as submitted to the Court previously. Having read the previously filed Motions and Responses, the Court deemed it unnecessary to have oral argument by counsel." 01/23/08 J.E.
¶{36} Considering the trial court's reasoning, the length of time it took to dispose of the matter due to additional time for supplemental memorandums to be filed and our disposition of the first and third assignments of error, the trial court did not abuse its discretion in failing to hold a hearing. Given the record of this case, McQueen has failed to show that trial counsel was ineffective and that any ineffectiveness led to his plea being not freely, knowingly and voluntarily entered. Furthermore, the trial court acted within its authority to determine that the hearing did not need to be continued. This assignment of error lacks merit.
 THIRD ASSIGNMENT OF ERROR ¶{37} "APPELLANT'S PLEA OF GUILTY WAS NOT MADE FREELY, VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY PURSUANT TO CRIMINAL RULE 11, DUE TO THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AND APPELLANT'S LACK OF UNDERSTANDING OF IT CONSEQUENCES."
¶{38} As was previously explained under the first assignment of error, in order to show prejudice under the second prong of the ineffective assistance test, McQueen *Page 9 
must show that ineffective assistance of trial counsel affected the validity of a guilty plea when it precluded him from entering his plea knowingly and voluntarily. Thus, we must look to the nature of the plea.
¶{39} Crim. R. 11(C) governs the procedure a trial court must follow before accepting a guilty plea in a felony case. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim. R. 11(C)(2). A trial court must strictly comply with Crim. R. 11(C)(2) pertaining to the waiver of federal constitutional rights. State v. Martinez, 7th Dist. No. 03MA196, 2004-Ohio-6806, at ¶ 12. However, it need only substantially comply with Crim. R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." Id., citing Crim. R. 11(C)(2)(a)(b).
¶{40} McQueen's argument does not find fault with the colloquy concerning the waiver of his constitutional rights. Rather, he finds fault with the advisement of his non-constitutional rights. Specifically, he contends that the trial court did not indicate that the first count contained a mandatory sentence and he argues that the trial court did not fully advise him that he was not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
¶{41} His argument that he was not advised that he was subject to a mandatory sentence is unfounded. The plea transcript provides the following colloquy:
¶{42} "THE COURT: Now, if you're sent to the pen — or when you're sent to the penitentiary, because that first count is mandatory time, and you complete your sentence and you get released by virtue of the parole authority, you would have a period of time that they dictate certain conditions on you, the parole authority, in this case, it would not exceed a — would not be in excess of three years.
¶{43} "* * * Do you understand that?
¶{44} "THE DEFENDANT: Yes, I do, Your Honor." (02/26/07 Tr. 8-9). (Emphasis added).
¶{45} Also, earlier in the plea colloquy, the trial court stated:
¶{46} "THE COURT: Okay. If I accept the proposal that's being made here, we could proceed to judgment and sentence, and I do want you to understand *Page 10 
sentencing is always up to the judge. It isn't up to your lawyer or up to the prosecutor. And even as amended, in those two counts, both of them being felony three's, you're looking at the potential of a five-year stay in the penitentiary and a 10,000 dollar fine on each one, and in even the amended count, on the possession, you're looking at ayear mandatory. Do you understand that?
¶{47} "THE DEFENDANT: Yes, I do, Your Honor." (02/26/07 Tr. 7-8). (Emphasis added).
¶{48} Likewise, McQueen indicated that he read the written plea agreement over with his attorney and that he understood everything in it. (02/26/07 Tr. 10). The written plea agreement clearly indicated that the possession charge, as amended, carried a mandatory one year sentence.
¶{49} Consequently, considering all of the above, it is clear that McQueen was informed of the mandatory sentence. However, the discussion between the trial court and McQueen did not contain a statement that he was not eligible for community control or probation. This is a requirement that is part of the nonconstitutional rights in Crim. R. 11(C)(2)(a). However, as explained above, the trial court only has to substantially comply with Crim. R. 11(C)(2)(a). Substantial compliance means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea." State v.Nero (1990), 56 Ohio St.3d 106, 108.
¶{50} The Eighth Appellate District, when faced with a similar argument, has recently concluded that when the trial court instructs a defendant that one of the crimes he is pleading guilty to carries mandatory time, and no qualification of the "mandatory time" was made, the trial court substantially complied with Crim. R. 11(C)(2)(a) in its instruction on the ineligibility of community control. State v.Melton, 8th Dist. No. 89568, 2008-Ohio-925, ¶ 19. This reasoning is sound; mandatory time cannot by the mere definition allow for community control.
¶{51} In further support that McQueen understood that he was not eligible for community control is the written plea agreement which clearly indicated that he was ineligible for the imposition of a community control sanction. Likewise, no where in the record is there any indication that the eligibility of community control was a contributing factor in McQueen's decision to plead guilty. Rather, it appears that the change of the possession charge from a second degree felony to a third degree felony and the *Page 11 
dismissal of a probation violation in an unrelated case were his considerations for entering the plea.
¶{52} Furthermore, the plea transcript repeatedly shows that McQueen knew what he was doing by entering the plea. He was repeatedly asked if he understood everything and whether he had questions. (02/26/07 Tr. 5-12). He responded that he understood and did not have any questions. (02/26/07 Tr. 5-12).
¶{53} Consequently, we find that the trial court substantially complied with the nonconstitutional requirements in Crim. R. 11(C). Since the above shows that McQueen knew that he was pleading guilty and understood the rights he was waiving, any alleged deficient performance complained of in the first assignment of error does not amount to prejudice that requires the granting of a post-sentence motion to withdraw a guilty plea. This assignment of error lacks merit.
¶{54} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1