[Cite as *State v. Hall*, 2011-Ohio-6441.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96791**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEROME HALL

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-459174

**BEFORE:** Kilbane, A.J., Blackmon, J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Katherine Mullin
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}  Defendant-appellant, Jerome Hall, Jr., appeals from the journal entry of sentencing, issued nunc pro tunc, to correct the sentence imposed for defendant's 2005 conviction for drug trafficking.   For the reasons set forth below, we affirm.

{¶ 2}  On November 19, 2004, defendant and codefendant, Lonzelle Booker, were indicted pursuant to a nine-count indictment for drug trafficking.   Counts 1, 2 and 3 charged them with trafficking in and possession of more than 100 grams of crack cocaine and set forth major drug offender specifications and one- and three-year firearm specifications.   The remaining counts charged defendant with possession of and trafficking in more than 25 but less than 100 grams of crack cocaine, possession of

criminal tools, and having a weapon while under disability. See *State v. Hall*, Cuyahoga App. No. 87059, 2007-Ohio-414 ("*Hall I*").

**{¶ 3}** On July 18, 2005, Count 1 was amended to reduce the amount of cocaine to "an amount greater than 25 but less than 100 grams" and the major drug offender and one-year firearm specifications were deleted. As is relevant to this matter, the trial court advised defendant about postrelease control stating,

> "Upon release from prison, you will be subject to 5 years of post-release control by the Adult Parole Authority. Any misbehavior while under their supervision can lead to further incarceration."

**{¶ 4}** Defendant then entered a guilty plea to the charge as amended, and the remaining charges were nolled.

**{¶ 5}** At the August 25, 2005 sentencing hearing, the trial court advised defendant as follows:

> "I remind you upon release you will be subject to five years of postrelease control. If you violate while under the postrelease, you can receive up to half the sentence I give you."

**{¶ 6}** Defendant was sentenced to a total of 12 years of imprisonment, to be served consecutive to a term imposed in a federal matter.[1] The trial court additionally ordered that:

> "Postrelease control is part of this sentence for the maximum time allowed
>
> for the above felony(s) under R.C. 2967.28."

---

[1] *United States v. Hall* (July 18, 2005), N.D. Ohio Case No. 1:05-CR-18.

**{¶ 7}** Defendant appealed and maintained, inter alia, that his guilty plea was not knowingly and voluntarily entered. This court affirmed. See *Hall I*.

**{¶ 8}** On December 21, 2007, defendant filed a motion to withdraw his guilty plea. The trial court denied the motion without a hearing on January 3, 2008, and this court affirmed. See *State v. Hall*, Cuyahoga App. No. 90972, 2008-Ohio-5351 ("*Hall II*").

**{¶ 9}** On June 2, 2008, Hall filed a federal habeas petition, and maintained, inter alia, that his guilty plea was not knowing and voluntary. The petition was denied. *Hall v. Bradshaw* (Nov. 24, 2009), N.D. Ohio Case No. 1:08-CV-1330.

**{¶ 10}** On May 1, 2009, defendant filed a petition to vacate his sentence, arguing that the sentence imposed on August 25, 2005, was void because the trial court did not properly inform him that his sentence included an extension by the parole board for violations of the terms of postrelease control, and that may include a residential sanction, including a prison term of up to nine months.

**{¶ 11}** On April 14, 2011, outside of the presence of defendant, the trial court issued a nunc pro tunc sentencing entry that stated, in relevant part, as follows:

"4) This court properly informed Hall of his mandatory term of 5 years of postrelease control and the consequences for violating postrelease control;

"5) The sentencing entry, by oversight, only indicated a term of postrelease control for the maximum time allowed;

"6) Under Crim.R. 36, this Court has the authority to impose a nunc pro tunc journal entry to reflect the true sentence imposed in open court.

The Court now issues the following nunc pro tunc entry. * * * Hall is required to serve, upon his release from prison, a mandatory term of 5-years of postrelease control for drug trafficking as amended in Count 1. Violations of the conditions of postrelease control may result in more restrictive sanctions including reincarceration for up to one-half of the sentence imposed. * * *"

{¶ 12} Defendant now appeals and assigns three errors for our review. For the sake of convenience, we shall begin with the second assignment of error.

{¶ 13} Defendant's second assignment of error states:

"Defendant was denied due process of law when the court used a nunc pro tunc entry to add postrelease control which was not imposed at the original sentencing."

{¶ 14} In this assignment of error, defendant complains that the trial court was required to hold a de novo sentencing hearing for the proper imposition of postrelease control.

{¶ 15} Pursuant to R.C. 2929.19(B), at the time of sentencing, a trial court must:

"(e) Notify the offender that * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."

{¶ 16} Nonetheless, a trial judge is authorized to correct, by nunc pro tunc entry and without holding a new sentencing hearing, a mistake in sentencing order, where the notification at the sentencing hearing is proper. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010. In that case, the trial court notified Womack, at his sentencing hearing, that he was subject to a mandatory term of three years

of postrelease control. R.C. 2967.28(B)(3). In the journal entry of the sentence, however, the court mistakenly referred to the robbery convictions as felonies of the first degree and imposed a mandatory postrelease-control term of five years instead of three years. The defendant filed a motion for resentencing, but the trial court issued a nunc pro tunc order to reflect the information provided at the sentencing hearing. The *Womack* court stated:

> "No new sentencing hearing is required, because the trial court's failure to include the postrelease-control term in the original sentencing entry was manifestly a clerical error. It appears that this error arose from the trial court's mistaken designation of Womack's robbery convictions as felonies of the first degree instead of felonies of the third degree. R.C. 2911.02(A)(3) and 2911.02(B). Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. * * *.

> Because appellant was notified of the proper term of postrelease control at his sentencing hearing and the error was merely clerical in nature, Judge Marsh was authorized to correct the mistake by nunc pro tunc entry without holding a new sentencing hearing."

{¶ 17} This court reached a similar conclusion in *State v. Tucker*, Cuyahoga App. No. 95289, 2011-Ohio-1368. The *Tucker* court stated:

> "Tucker argues the trial court improperly entered a nunc pro tunc entry to journalize his sentence. However, because the trial court properly notified Tucker of the terms of postrelease control at his 2002 sentencing hearing,

the error was merely clerical in nature and the trial court was authorized to correct the mistake by nunc pro tunc entry."

{¶ 18} In this matter, a review of the trial transcript indicates that defendant was informed at the August 25, 2005 sentencing hearing that a five-year term of postrelease control was going to be imposed, and he was advised that in the event he violated the terms of postrelease control, he could receive up to half the sentence imposed. The journal entry failed to contain the terms mentioned in open court. The court's failure to include the postrelease-control term in the original sentencing entry was manifestly a clerical error. The nunc pro tunc sentencing journal entry of April 14, 2011, reflects the truth of what actually happened, and was proper under *Womack*.

{¶ 19} The second assignment of error is without merit.

{¶ 20} The first assignment of error states:

"Defendant was denied due process of law when the court proceeded to enter a [resentencing] order without the personal presence of defendant."

{¶ 21} Defendant next maintains that the trial court violated Crim.R. 43 by issuing a resentencing in his absence.

{¶ 22} An accused has a fundamental right to be present at all stages of his criminal trial. Section 10, Article I, Ohio Constitution; Crim.R. 43(A). The right to be present is not abridged, however, where the trial court issues a nunc pro tunc order to correct a clerical error so that the journal entry would accurately reflect the original sentence and does not modify the sentence. *State v. Spears*, Cuyahoga App. No. 94089, 2010-Ohio-2229.

**{¶ 23}** In this matter, we note that postrelease control was announced during the sentencing hearing but omitted from the original journal entry for the sentence. The nunc pro tunc journal entry of the sentence merely corrected that clerical error. We therefore conclude that Crim.R. 43 was not violated.

**{¶ 24}** The first assignment of error is without merit.

**{¶ 25}** Defendant's third assignment of error states:

"Defendant's right not to be placed twice in jeopardy was violated when the court increased his sentence by adding a period of postrelease control."

**{¶ 26}** Within this assignment of error, defendant asserts that the nunc pro tunc sentencing order violates the prohibition against double jeopardy because it includes a new provision as to postrelease control.

**{¶ 27}** In *Spears*, this court rejected this argument and stated:

"Spears argues the court could not correct the sentencing journal entry without his presence in open court and that the modification of the sentencing journal entry violated his rights against double jeopardy. Specifically, Spears claims that the nunc pro tunc entry effectively 'increases' his sentence and, therefore, constitutes double jeopardy. We agree that, once a defendant has started to serve a sentence, a court may not modify or increase it, as that constitutes double jeopardy. See *State v. Bell* (1990), 70 Ohio App.3d 765, 773, 592 N.E.2d 848. However, we do not find that the court's nunc pro tunc entry modified or increased Spears's sentence."

**{¶ 28}** The third assignment of error is therefore without merit.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

———

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
KATHLEEN ANN KEOUGH, J., CONCUR