JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Elbert Pannell (appellant) appeals the court's denying his motion to withdraw his guilty plea and sentencing him to 15 years in prison. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On June 30, 2005, appellant pled guilty to involuntary manslaughter, with a three-year firearm specification, and obstruction of justice stemming from the July 29, 2002 killing of Thoywell Henry (Thoywell). Allegedly, appellant introduced Johnny Bacote (Bacote), who refers to himself as a hitman, to Jocelyn Henry (Jocelyn) and William Roberson (Roberson), who were scheming to have Jocelyn's husband, Thoywell, murdered. Appellant also admitted to helping Bacote saw the stock and barrel off of a shotgun that a friend of appellant's gave to Bacote.
 {¶ 3} As part of appellant's plea agreement, the state dropped the original charge of aggravated murder with a murder-for-hire specification, which is a capital offense, and appellant agreed to cooperate by testifying against Jocelyn and Roberson, in accordance with prior written statements that appellant gave to the police. Additionally, the parties agreed upon a sentence of 15 years in prison.
 {¶ 4} On May 12, 2005, before appellant's plea, Bacote pled guilty to aggravated murder and was sentenced to life in prison without the possibility of parole. Appellant and Bacote testified against Jocelyn, and on December 17, 2005, a jury found her not guilty of murder. On November 28, 2006, Roberson pled guilty *Page 4 
to involuntary manslaughter and received an agreed upon sentence of nine years in prison.
 {¶ 5} On November 9, 2006, after Jocelyn's trial but before Roberson's plea, appellant filed a presentence motion to withdraw his guilty plea. A hearing was held on December 19, 2006, and on December 27, 2006, the court denied appellant's motion and sentenced him to the recommended 15 years in prison.
 II {¶ 6} In his first assignment of error, appellant argues that he "is entitled to specific performance and receive a sentence of nine years." Specifically, appellant argues that as part of his plea bargain, the state told him that because he was the first to step forward and testify against the others, "nobody was going to get a better deal * * *."
 {¶ 7} Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A careful review of the three hearings regarding appellant's guilty plea, his motion to withdraw that guilty plea, and his sentencing shows that all three elements of R.C. 2953.08(D)(1) were met in the instant case.
 {¶ 8} First, appellant pled guilty to involuntary manslaughter, a first degree felony, with a three-year firearm specification, and obstruction of justice, a third *Page 5 
degree felony. The record shows that he was sentenced to nine years for manslaughter, three years for the firearm specification, and three years for obstruction of justice, for a total of 15 years in prison. The mandatory three-year sentence for possessing a firearm is authorized by R.C. 2941.145. The other two segments of appellant's sentence are authorized by R.C. 2929.14(A), which states that a first degree felony is punishable by three to ten years in prison and a third degree felony is punishable by one to five years in prison.
 {¶ 9} Second, both parties stipulate, and the record reflects, that appellant and the state made a joint recommendation during the plea hearing that appellant be sentenced to 15 years in prison. Third, at the December 27, 2006 sentencing hearing, the court sentenced appellant to 15 years in prison. Therefore, we are precluded from reviewing appellant's prison sentence, and his first assignment of error is overruled. See, e.g., State v. Hall, Cuyahoga App. No. 87059,2007-Ohio-414.
 III {¶ 10} In his second and final assignment of error, appellant argues that "the trial court erred in denying the appellant's motion to withdraw his guilty plea as he did not enter the guilty plea in a knowing, intelligent, and voluntary manner." Specifically, appellant makes the same argument here as he did in his first assignment of error; namely, that the state did not keep its "promise" when Roberson was sentenced to a prison term shorter than appellant's. Appellant also *Page 6 
argues that the state withheld evidence that would have affected his decision to plead guilty had he known about it during plea negotiations.
 {¶ 11} Crim.R. 32.1 governs withdrawals of guilty pleas, and it reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} The Ohio Supreme Court has held the following regarding presentence motions to withdraw guilty pleas:
 "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *"
State v. Xie (1992), 62 Ohio St.3d 521, 526 (citing Barker v. UnitedStates (C.A.10, 1978), 579 F.2d 1219, 1226; State v. Peterseim (1980),68 Ohio App.2d 211).
 {¶ 13} In State v. Benson, Cuyahoga App. No. 83178, 2004-Ohio-1677, we summarized the following factors that weigh in favor of a court's overruling a defendant's presentence motion to withdraw a guilty plea: 1) Highly competent counsel represented the defendant; 2) The court held a full Crim.R. 11 plea hearing; 3) The court held a full hearing on the motion to withdraw the plea; 4) The "record reveals that the court gave full and fair consideration to the plea withdrawal request"; 5) The motion was made in a reasonable time; 6) The motion stated specific reasons for withdrawal; 7) The record shows that the *Page 7 
defendant "understood the nature of the charges and possible penalties"; and 8) The defendant had evidence of a plausible defense.
 {¶ 14} Following is an analysis of the above eight factors in the instant case.
 {¶ 15} First, the two attorneys who represented appellant at the time of his plea were court appointed and death penalty certified. One of the attorneys testified at the December 19, 2006 hearing on the motion to withdraw appellant's guilty plea that he defended at least 1,000 criminal cases, of which approximately eight to ten were capital cases. We hold that this qualifies as highly competent counsel.
 {¶ 16} Second, on June 30, 2005, the court held a full Crim.R. 11 plea hearing. Appellant claims no error in this hearing, and a review of the record shows that the court complied with Crim.R. 11.
 {¶ 17} Third, on December 19, 2006, the court held a full hearing on the motion to withdraw appellant's guilty plea.
 {¶ 18} As to the fourth factor, the record reveals that the court took the following evidence into consideration:
 {¶ 19} The attorney who testified at the December 19, 2006 hearing stated that the agreement was "Mr. Pannell would plead guilty to the manslaughter and the [obstruction of justice] charge, the felony three, and there would be an agreed sentence at the time of sentencing of 15 years flat with no tail. He was not sentenced, but he did enter the plea." The attorney also stated that as part of the agreement, appellant was required to testify against codefendants Jocelyn and *Page 8 
Roberson. "My recollection was that [the prosecuting attorney on the case], he had gone to [the head prosecutor] himself to get the deal, to get this 15-year deal, that it was never going to go lower, nobody was going to get a better deal."
 {¶ 20} The attorney also testified that appellant was hesitant to make the plea agreement, but counsel recommended that appellant plea because of the evidence against him and because the indictment included a death-eligible specification. Appellant eventually took the plea bargain and subsequently testified against Jocelyn, who was acquitted of all charges. Counsel indicated to appellant that he would next have to testify against Roberson. At this time, appellant expressed that he wished to withdraw his plea.
 {¶ 21} The attorney's testimony continues:
 {¶ 22} "I think in an abundance of caution, [we] expressed to him that we had given him advice * * * and not wanting to go contra to it in a death penalty case and feeling that we didn't want to put him in a bad position because he wanted to withdraw his plea, we thought it would be in his best interest to have two new fresh attorneys consult with him."
 {¶ 23} Defense counsel's position was that appellant had already testified in Jocelyn's trial and this testimony could be used against him if he went to trial; therefore, it was in his best interest not to withdraw his guilty plea. In addition, it was noted that as part of codefendant Bacote's plea agreement, Bacote would testify against appellant that appellant "wanted money to be involved in this." *Page 9 
 {¶ 24} At this time, counsel withdrew and two new attorneys were appointed to represent appellant.
 {¶ 25} The court also took into consideration appellant's argument that the state did not reveal an inconsistent statement made by Bacote that could have been used to impeach his credibility should he testify against appellant. The inconsistency concerned the following hearsay statement that Bacote told his attorney: Roberson was with him when he killed Thoywell and Roberson hit Thoywell that night; however, Bacote did not mention Roberson's presence at the scene of the crime when he testified in court against Jocelyn. While the content of these statements are immaterial to appellant's involvement in the crime, appellant argues that these inconsistent statements amount to exculpatory information that could have been used to impeach Bacote. Appellant further argues that if he had this information during plea negotiations, it "might have made a difference to his approach in this case."
 {¶ 26} We conclude that this evidence would have had no reasonable or logical effect on appellant's decision to plea. Bacote is an admitted "assassin" who, at the time of the instant offense, was recently released from serving a 21-year prison sentence for a prior murder. Appellant admitted to having known Bacote for 35 years. Furthermore, at the time of appellant's plea, Bacote was serving two life-without-parole sentences, one for this offense and one for the murder of another prison inmate. This evidence could have been used to impeach Bacote, and adding *Page 10 
an inconsistent statement would not have tipped the scales toward pleading not guilty.
 {¶ 27} In ruling on appellant's motion to withdraw his plea, the court noted that it "does not find that the evidence before it amounts to the fact that the defendant did not knowingly, voluntarily, and intelligently enter into his plea agreement for an agreed to 15-year sentence to an amended capital murder count * * *."
 {¶ 28} The fifth factor to consider in ruling on a motion to withdraw a guilty plea is whether the motion was made in a reasonable time. In the instant case, appellant filed the motion to withdraw his guilty plea approximately one year and four months after pleading guilty. The request for withdrawal was also after testifying against one of his co-defendants, Jocelyn, who was found not guilty of the murder. Traditionally, the length of time between the plea and the withdrawal weighs more heavily in post-sentence motions to withdraw guilty pleas. See State v. Novak (Sept. 10, 1998), Cuyahoga App. No 72849 (holding that "[t]he rationale for this rule is that a defendant should not be able to plead guilty and test the waters as to what the sentence would be and then bring that plea into doubt if the defendant is dissatisfied with the sentence"); State v. Smith (1977), 49 Ohio St.2d 261, 264
(noting that "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion"). In the instant case, we are reviewing a presentence motion to withdraw a guilty plea; however, the distinction between pre- *Page 11 
and post-sentence motions is somewhat hazy, because appellant had already agreed to a sentence which was not to be imposed until after he testified against his co-defendants.
 {¶ 29} A review of the sixth factor in this analysis shows that appellant stated the following reasons for withdrawing his guilty plea in the motion: a co-defendant was found not guilty and "there may have been exculpatory evidence that the prosecutor did not disclose which could have ultimately undermined the requirement that the defendant's decision was knowingly, voluntarily and intelligently made." Appellant does not argue what this evidence is, nor does he mention the alleged promise that his codefendants would not receive a lesser sentence than his 15 years.
 {¶ 30} The seventh factor is whether appellant understood the nature of the charges and the possible penalties. A review of nine transcript pages from the plea hearing shows that the state and defense counsel meticulously explained to appellant each term of the plea bargain. The following colloquy then took place:
 "THE COURT: Elbert, did you hear what the prosecutor and your attorneys have said to you and I in open court?
 THE DEFENDANT: Yes, Your Honor.
 THE COURT: So you heard what everyone has said. Did you understandwhat everyone has said?
 THE DEFENDANT: Yes, Your Honor. *Page 12 
 THE COURT: Do you understand the plea bargain reached between you andthe State of Ohio?
 THE DEFENDANT: Yes, Your Honor.
THE COURT: Has anyone threatened you in order to get you to acceptthis plea bargain?
 THE DEFENDANT: No, Your Honor.
THE COURT: Has anyone made any promises to you, other than the agreedto 15-year sentence with the conditions and the 5 years of post-releasecontrol supervision, to get you to plead guilty here today?
 THE DEFENDANT: No, Your Honor.
THE COURT: You would be giving the Court a plea of guilt as outlinedby * * * the prosecutor, in that you would be pleading guilty to felony ofthe first degree, as amended in Count 1 to a Felony 1 entitled the crimeof involuntary manslaughter with a three-year firearm specification, andagreeing to go to prison for 3 years for the firearm specification, plus9 years for that underlying offense of involuntary manslaughter,consecutive to your plea and sentence in Case 467743, a Felony 3,obstruction of justice, in which you agree to go to prison for 3 years.So the total amount between the two pleas of guilt you would be givinghere today, you're agreeing to the penalty of 15 years * * * on thecondition that you testify truthfully in accordance with the writtenstatements you gave the Cleveland Police Department on February28th, 2005 and May 20th, 2004, which isagainst your coconspirators and/or codefendants. Is that what you agreeto? THE DEFENDANT: Yes, Your Honor.
THE COURT: And that's what you want me to do, to go ahead and proceedwith the taking of your plea and then after the final codefendant's caseis resolved, impose the sentence, should you meet the condition of beingtruthful and honest in accordance with the statements against thecodefendants and coconspirators?
 THE DEFENDANT: Yes." *Page 13 
 {¶ 31} The eighth and final factor to consider in reviewing appellant's motion to withdraw his plea is whether appellant presents a plausible defense. Appellant did not present any evidence or argument regarding this factor.
 {¶ 32} In summary, we reviewed the entire record and analyzed the evidence under the eight Benson factors, in light of the seriousness of the offenses appellant was charged with in this case. We conclude that appellant's decision to plead guilty and escape the death penalty was voluntarily, knowingly, and intelligently made. The trial court held a hearing allowing the parties to present evidence for consideration of appellant's motion to withdraw his plea, and we find that the court acted within its discretion when it denied appellant's motion. Appellant's second assignment of error is without merit. Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 14 
 CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1