JOURNAL ENTRY AND OPINION
{¶ 1} Elbert Pannell has filed a timely application for reopening pursuant to App. R. 26(B). Pannell is attempting to reopen the appellate judgment, as rendered in State v. Pannell, Cuyahoga App. No. 89352,2008-Ohio-956, which affirmed the trial court's denial of a motion to withdraw a plea of guilty and the resulting sentence of incarceration of fifteen years. Upon review of the application for reopening, we decline to reopen Pannell's appeal.
 {¶ 2} In the case sub judice, the doctrine of res judicata prevents the reopening of Pannell's appeal. Errors of law that were either previously raised on appeal or could have been raised through an appeal may be barred from further review based upon the doctrine of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from review by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Pannell argues that he was denied the effective assistance of appellate counsel as a result of the failure to raise on appeal the following two proposed assignments of error: (1) "The appellant is entitled to specific performance and receive a sentence of nine years."; and (2) "The trial court erred *Page 2 
in denying the appellant's motion to withdraw his guilty pleas as he [did] not enter the guilty plea in a knowing, intelligent, and voluntary manner."
 {¶ 4} Pannell's two proposed assignments of error were previously raised upon direct appeal to this court and found to be without merit.
 {¶ 5} "In his first assignment of error, appellant argues that he `is entitled to specific performance and receive a sentence of nine years.' Specifically, appellant argues that as part of his plea bargain, the state told him that because he was the first to step forward and testify against the others, `nobody was going to get a better deal * * *.'
 {¶ 6} "* * *
 {¶ 7} "Therefore, we are precluded from reviewing appellant's prison sentence, and his first assignment of error is overruled. See, e.g.,State v. Hall, Cuyahoga App. No. 87059, 2007-Ohio-414.
 {¶ 8} "In his second and final assignment of error, appellant argues that `the trial court erred in denying the appellant's motion to withdraw his guilty plea as he did not enter the guilty plea in a knowing, intelligent, and voluntary manner.' Specifically, appellant makes the same argument here as he did in his first assignment of error; namely, that the state did not keep its `promise' when Roberson was sentenced to a prison term shorter than appellant's. Appellant *Page 3 
also argues that the state withheld evidence that would have affected his decision to plead guilty had he known about it during plea negotiations.
 {¶ 9} "* * *
 {¶ 10} "In summary, we reviewed the entire record and analyzed the evidence under the eight Benson factors, in light of the seriousness of the offenses appellant was charged with in this case. We conclude that appellant's decision to plead guilty and escape the death penalty was voluntarily, knowingly, and intelligently made. The trial court held a hearing allowing the parties to present evidence for consideration of appellant's motion to withdraw his plea, and we find that the court acted within its discretion when it denied appellant's motion. Appellant's second assignment of error is without merit."
 {¶ 11} State v. Pannell, Cuyahoga App. No. 89352, 2008-Ohio-956, ¶ 6.
 {¶ 12} It must also be noted that Pannell filed an appeal, pro se, with the Ohio Supreme Court and raised the identical issues of specific performance/nine year sentence and motion to withdraw guilty plea improperly denied by the trial court. The Ohio Supreme Court, however, dismissed Pannell's appeal on July 9, 2008, based upon the finding that the appeal did not involve any substantial constitutional question. SeeState v. Pannell, Ohio St.3d , 2008-Ohio-3344, N.E.2d . Since the present issues as argued by Pannell were raised and addressed before this court as well as the Supreme Court of Ohio, we find that the doctrine of *Page 4 
res judicata bars any further consideration. State v. Dehler,73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.2d 247, 1995-Ohio-54, 648 N.E.3d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that the circumstances pertinent to Pannell do not render the application of the doctrine of res judicata unjust. State v. Murnahan, supra.
 {¶ 13} Accordingly, we decline to reopen Pannell's appeal. Pannell's application for reopening is denied.
 JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1