[Cite as *State v. Welch*, 2016-Ohio-810.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102865, 102866, 102878**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANTONIO WELCH**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-578497-A, CR-14-582028-A, and CR-14-584227-A

**BEFORE:** Blackmon, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 3, 2016

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
55 Public Square
Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Marc D. Bullard
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Antonio Welch ("Welch") appeals his eight-year prison sentence for drug trafficking and various related offenses in three underlying criminal cases and assigns the following error for our review:

> I. The trial court did not adequately or sufficiently explain/justify decisions to impose consecutive sentences. In addition, the trial court misunderstood at what point the offender's danger to the public is actionable to impose a consecutive sentence.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} On March 6, 2015, the trial court sentenced Welch to an aggregate term of eight years in prison, a term that was jointly recommended and agreed to by the state and Welch. The breakdown of Welch's sentence is as follows: three years in prison in *State v. Welch*, Cuyahoga C.P. No. CR-13-578497-A (March 6, 2015); two years in prison in *State v. Welch*, Cuyahoga C.P. No. CR-14-582028-A (March 6, 2015); and six years in prison in *State v. Welch*, Cuyahoga C.P. No. CR-14-584227-A (March 6, 2015). The court ordered that the sentences in Case Nos. CR-14-582028-A and CR-13-584227-A run consecutively, but concurrent with the sentence in Case No. CR-13-578497-A.

{¶4} Welch appealed this sentence, and on October 27, 2015, this court remanded all three cases for correction of the judgments of conviction pursuant to App.R. 9(E). On December 15, 2015, the trial court issued a nunc pro tunc entry clarifying the disposition of two counts, and this appeal was reinstated.

{¶5} R.C. 2953.08 authorizes defendants to appeal felony sentences upon various grounds. However, pursuant to R.C. 2953.08(D)(1), a "sentence imposed upon a defendant is not

subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See also State v. Pannell*, 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956. Upon review of Welch's plea and sentencing hearings, we find that all three elements of R.C. 2953.08(D)(1) are met in the case at hand.

{¶6} Welch does not argue that his sentence is unauthorized by law. Rather, Welch argues that the court did not adequately comply with the R.C. 2929.14(C) findings prior to imposing consecutive sentences. Pertinent to the consecutive portions of his prison terms, Welch was sentenced to 12 months each for two, fifth-degree felonies, 36 months for various third- and fourth-degree felonies, and three years for a first-degree felony. All of these terms are authorized by R.C. 2929.14(A).

{¶7} At Welch's plea hearing, the prosecutor, Welch's attorney, and Welch himself acknowledged on the record that they were agreeing to and jointly recommending to the court an eight-year prison sentence. Furthermore, at Welch's sentencing hearing, the court imposed an eight-year prison sentence, stating that the court was "willing to agree and abide by the eight-year recommendation."

{¶8} Accordingly, we are precluded from reviewing Welch's prison sentence, and his sole assigned error is overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE J., CONCUR