[Cite as *State v. Foster*, 2018-Ohio-2191.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105931

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### RAYSHAWN FOSTER

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613685-A

**BEFORE:** Celebrezze, J., E.A. Gallagher, A.J., and McCormack J.

**RELEASED AND JOURNALIZED:** June 7, 2018

**ATTORNEY FOR APPELLANT**

Carmen P. Naso
Milton A. Kramer Law Clinic
11075 East Boulevard
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Brandon Piteo
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Rayshawn Foster ("appellant"), brings this appeal challenging his convictions for participating in a criminal gang, drug trafficking, and having a weapon while under disability.   Specifically, appellant argues that he was denied his constitutional right to the effective assistance of counsel and that the trial court erred by denying his motion to withdraw his guilty pleas.   After a thorough review of the record and law, this court affirms.

### I. Factual and Procedural History

{¶2} On April 10, 2017, appellant pled guilty in two criminal cases.   First, in Cuyahoga C.P. No. CR-16-610468-D, appellant pled guilty to (1) criminal gang activity, a second-degree felony in violation of R.C. 2923.42(A); (2) drug trafficking, a third-degree felony in violation of R.C. 2925.03(A)(2) with a one-year firearm specification; (3) drug trafficking, a fifth-degree

felony in violation of R.C. 2925.03(A)(1); and (4) having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3) with forfeiture specifications. Second, in Cuyahoga C.P. No. CR-17-613685-A, appellant pled guilty to having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3) with forfeiture specifications. Pursuant to the plea agreement, the state recommended an aggregate eight-year prison sentence.

{¶3} After the change of plea hearing, but before the sentencing hearing, appellant's appointed counsel passed away. On April 24, 2017, the trial court assigned the public defender's office to represent appellant. The public defender filed a motion to withdraw as counsel on May 5, 2017. The trial court granted the motion and assigned new counsel to represent appellant on May 8, 2017.

{¶4} The trial court held a sentencing hearing on May 24, 2017. Prior to the imposition of sentence, appellant orally moved to withdraw his guilty pleas. After hearing arguments from the parties, the trial court denied appellant's motion. The trial court imposed an aggregate 11-year prison sentence and appointed appellate counsel to represent appellant.

{¶5} On June 23, 2017, appellant filed the instant appeal challenging his convictions.[1] Subsequently, appellant filed a disciplinary complaint against his appointed appellate counsel. Appointed appellate counsel was served with the disciplinary complaint on February 6, 2018. As a result, this court, sua sponte, granted appointed appellate counsel leave to withdraw and appointed new counsel to represent appellant in this appeal. Appellant's new counsel filed a supplemental brief on March 30, 2018.

{¶6} Appellant assigns two errors for review:

---

[1] In his notice of appeal, appellant appealed the trial court's judgment entered in CR-17-613685-A. On April 27, 2018, appellant filed a motion to amend his notice of appeal to include the trial court's judgment entered in CR-16-610468-D, which this court granted.

I. The trial court abused its discretion when it denied appellant a complete and impartial hearing on his motion to withdraw his plea.

II. Appellant received ineffective assistance of counsel at sentencing.

## II. Law and Analysis

### A. Motion to Withdraw Guilty Plea

{¶7} In his first assignment of error, appellant argues that the trial court erred by denying his request to withdraw his guilty plea.

{¶8} Pursuant to Crim.R. 32.1, a criminal defendant may move to withdraw a previously entered guilty plea. A motion to withdraw a guilty plea made prior to the imposition of sentence is governed by a liberal standard that errs on the side of granting withdrawal. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* A defendant must demonstrate a "reasonable and legitimate basis for the withdrawal of the plea." *Xie* at *id.* "[D]espite the more lenient standard applicable to [presentence] motions, an appellate court will only reverse a denial of leave to withdraw when the trial court has abused its discretion." *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980).

{¶9} This court has developed a nonexhaustive set of criteria that can be examined in determining whether a trial court abused its discretion in ruling on a motion to withdraw a plea.

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Peterseim* at paragraph three of the syllabus.

{¶10} In the instant matter, appellant challenges the trial court's judgment denying his motion to withdraw based on the first, third, and fourth *Peterseim* factors. Regarding the first factor, appellant claims that his originally appointed attorney coerced him to plead guilty. Appellant argues that his allegation of coercion calls into question whether he was represented by highly competent counsel during the change of plea hearing. Appellant's supplemental brief at 5.

{¶11} After reviewing the record, we find no merit to appellant's assertion that his originally appointed attorney coerced him into pleading guilty. During the change of plea hearing, the following exchange took place between the trial court and appellant:

THE COURT:   Has anyone, *including your attorney*, the prosecutor, or this Court made any promises, threats, or other inducements to you —

[APPELLANT]:   No.

THE COURT:   — to cause you to enter into this plea?

[APPELLANT]:   No.

(Emphasis added.)   (Tr. 29-30.)

{¶12} After the trial court reviewed the constitutional rights that appellant was waiving by pleading guilty, the nature of the offenses, and the maximum penalties appellant could receive, appellant confirmed again that "no one has made any threats or promises or other inducements to [him] other than those that [were] heard on the record" during the change of plea hearing. (Tr. 37-38.) After appellant formally tendered his guilty pleas, he confirmed on the record that he voluntarily entered the guilty pleas and that the pleas were entered based on his own free will and desire. (Tr. 40.) Finally, appellant confirmed that he was satisfied with the representation he received from his originally appointed attorney. (Tr. 37.)

{¶13} The record further reflects that appellant was represented by highly competent counsel during the change of plea proceedings. Appellant was originally indicted in CR-16-610468-D with six felony offenses: a first-degree felony carrying a one-year firearm specification, a second-degree felony, a third-degree felony, a fourth-degree felony, and two fifth-degree felonies. Appellant was indicted in CR-17-613685-A with one third-degree felony. Appellant's attorney successfully negotiated a plea agreement under which the state amended a first-degree felony to a felony of the third degree, nolled felonies of the fourth and fifth degree, and agreed to recommend an aggregate eight-year prison sentence for both cases.

{¶14} Appellant does not dispute the second factor. In his opening brief, appellant stipulates that he had a full Crim.R. 11 hearing before entering the guilty plea.

{¶15} Regarding the third and fourth factors, appellant argues that the trial court failed to afford him a complete and impartial hearing on his motion to withdraw and that the trial court failed to give his motion to withdraw full and fair consideration. We disagree.

{¶16} The record reflects that the trial court held a fair and impartial hearing and gave appellant's plea withdrawal request full and fair consideration. Appellant was represented by two attorneys during the sentencing hearing. The first attorney advised the trial court that appellant informed him that he wishes to withdraw his guilty plea. (Tr. 44.) The second attorney stated that he met with appellant on the day before the sentencing hearing and appellant indicated that "he was unhappy with his plea, he wanted to withdraw it[.]" (Tr. 45.) The trial court inquired about appellant's basis for being displeased with the guilty plea. One of appellant's attorneys asserted that the attorney originally appointed to represent appellant "forced [appellant] to enter the plea[.]" (Tr. 45.)

{¶17} The trial court confirmed that appellant wanted to withdraw his guilty plea on the

basis that he was forced to plead guilty. Thereafter, the trial court denied appellant's motion to withdraw the guilty plea, explaining,

> [w]e had quite a hearing on this case. I'm satisfied that all the requirements of [Crim.R.] 11 were there. [Appointed counsel] saw [appellant] numerous times. I'm sure he put that on the record. And [appellant] was in no way displeased or pressured into any plea and I am not going to use this opportunity to negate that plea.

(Tr. 46.)

**{¶18}** The trial court gave the prosecutor an opportunity to address appellant's request. The prosecutor argued that appellant's request was merely based on a change of heart. Furthermore, the prosecutor argued that appellant was represented by highly competent counsel, he was afforded a full Crim.R. 11 hearing, the motion was not made in a reasonable time, and that appellant failed to state specific reasons for withdrawal, other than his "displeasure" with the guilty plea. The prosecution argued that appellant's guilty plea was knowingly entered, emphasizing that appellant pled guilty on April 10, 2017, five days after the proposed plea agreement was placed on the record on April 5, and that appellant had a chance to confer with his mother before he pled guilty.

**{¶19}** The prosecutor advised the trial court that appellant's recorded jail phone calls after the change of plea hearing were reviewed and that the calls indicate that appellant had a change of heart and was trying to get a better deal. The prosecutor described an April 23, 2017 phone call during which "[appellant] was heard in a jail call discussing the pleas of his co-defendants. He did state in this call that he feels like he's going out like a sucker, I know we could have got something lower, * * * [and] the search warrant was bogus[.]" (Tr. 52.) The prosecutor described an April 24, 2017 phone call during which appellant stated,

> [c]all that public defender and tell him I'm taking my plea back. That eight years

> is not guaranteed. They are not about to take me away like this. You gonna feel dumb when I get 10 years. I've been wanting to take my plea back because it ain't right, man. * * * I'm not copping out to that. Ya'll about to take me away for 10 to 14 years. Ya'll about to spend some money on me.

(Tr. 53.) The prosecutor described an April 25, 2017 phone call during which appellant stated, "I'm about to take my plea back. I ain't going out like that. * * * They stuck us with a crazy-a[**] judge and she don't play, so I'm not gonna take my chances." (Tr. 54.) The prosecution emphasized that appellant did not express dissatisfaction with counsel in any of these phone calls, and that he merely appeared to have a change of heart.

{¶20} After hearing the prosecution's arguments, the trial court denied appellant's motion to withdraw his guilty plea, concluding,

> Mr. Foster, I'm sorry you've had a change of heart. You had excellent representation, you had numerous advisements from this Court including conversations with your family. Your plea was certainly knowingly, voluntarily and intelligently entered.
>
> The fact that you have a change of heart being in the jail probably hearing that this Court don't play, I play very well, just not with the law and not with people's lives.

(Tr. 55.) Accordingly, contrary to appellant's assertions, the record reflects that the trial court held a complete and impartial hearing on appellant's motion to withdraw and gave the motion to withdraw full and fair consideration.

{¶21} This court has set forth additional factors that may be considered in reviewing a trial court's judgment on a motion to withdraw a guilty plea. *State v. Pannell*, 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956, ¶ 13, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677. The additional factors include, whether "(1) the motion was made in a reasonable time; (2) the motion stated specific reasons for withdrawal; (3) the record shows that the defendant understood the nature of the charges and possible penalties; and (4) the defendant

had evidence of a plausible defense." *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 19, citing *Pannell*, citing *Benson*.

**{¶22}** In the instant matter, regarding the first additional factor, appellant never filed a motion to withdraw his guilty plea. Rather, appellant orally moved to withdraw the plea during the sentencing hearing.

**{¶23}** Regarding the second additional factor, appellant moved to withdraw his plea because he was not happy with the plea and appointed counsel had forced him to plead guilty. Regarding the third additional factor, the record reflects that appellant fully understood the nature of the charges, the penalties, and the details of the plea agreement worked out with the state. Finally, regarding the fourth additional factor, appellant failed to present evidence of a plausible defense.

**{¶24}** Based on the foregoing analysis, we cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea. Appellant's first assignment of error is overruled.

### B. Ineffective Assistance of Counsel

**{¶25}** In his second assignment of error, appellant argues that he was denied his constitutional right to effective assistance of counsel.

**{¶26}** An ineffective assistance of counsel claim originates from the Sixth Amendment guarantee of representation found in the United States Constitution. This right requires representation that meets a minimum standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Falling below such a standard is not reversible error, however, where that failing does not result in prejudice to the defendant. *Id.* at 691. Appellant must demonstrate that counsel's performance was deficient and that there is a

reasonable probability that the trial court's sentence would have been different but for counsel's errors. *Id.* at 688; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶27} Where one prong of this test is not satisfied, a reviewing court need not address the other. *Bradley* at 143, citing *Strickland* at 697. A properly licensed attorney enjoys a presumption of competence, and the person alleging ineffective assistance of counsel has the burden of establishing the deficiency. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988).

{¶28} In the instant matter, appellant argues that his new attorney provided ineffective assistance during the sentencing phase of the criminal proceedings. Appellant contends that his new attorney's failure to offer any mitigating evidence at sentencing constituted deficient performance. He argues that he was prejudiced by counsel's deficient performance because the prosecution "was free to make unrebutted, unsupported claims" and the trial court sentenced him to eleven years in prison, despite the fact that the prosecution recommended an eight-year prison sentence. Appellant's supplemental brief at 7.

{¶29} Initially, we note that although appellant challenges counsel's failure to speak in mitigation at sentencing, he does not identify any specific mitigating factors that counsel could have, but failed to present. Nevertheless, the record reflects that appellant's counsel waived his right to make a statement before the imposition of sentence in order to preserve appellant's appellate rights regarding the trial court's denial of his request to withdraw his guilty plea. Counsel did, however, ask the trial court to follow the recommended eight-year prison sentence. (Tr. 57.)

{¶30} Appellant waived his right to allocution and to address the court prior to the imposition of sentence. Appellant confirmed that he "want[ed] to appeal." (Tr. 58.)

{¶31} The Ohio Supreme Court has held that "[t]he presentation of mitigating evidence is a matter of trial strategy." *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 225. In this case, the record reflects that appellant's counsel made a strategic decision — rather than presenting mitigating evidence or arguing for a minimum sentence, counsel chose to preserve appellant's appellate rights in order to challenge the trial court's denial of appellant's motion to withdraw his guilty pleas. Counsel's strategic decision was consistent with appellant's desire to file an appeal. Rather than allocuting or making a statement on his own behalf, appellant confirmed that he wanted to file an appeal. Counsel could have reasonably believed that offering mitigating evidence or advocating for a minimum sentence could have affected appellant's ability to challenge the knowing, intelligent, and voluntary nature of his guilty pleas and the trial court's judgment denying his motion to withdraw. Finally, even though counsel did not present mitigating evidence, counsel did advocate for the recommended eight-year prison sentence pursuant to the plea agreement.

{¶32} Based on the foregoing analysis, we find no merit to appellant's ineffective assistance claim regarding counsel's performance at sentencing. Appellant's second assignment of error is overruled.

### III. Conclusion

{¶33} After thoroughly reviewing the record, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea and appellant was not denied his constitutional right to the effective assistance of counsel.

{¶34} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

TIM McCORMACK, J., CONCURS;
EILEEN A. GALLAGHER, A.J., DISSENTS WITH SEPARATE OPINION

EILEEN A. GALLAGHER, A.J., DISSENTING:

{¶35} I respectfully dissent from the majority opinion.

{¶36} It is my opinion that the appellant was not given an opportunity by the trial court to fully and fairly make his motion to withdraw his plea.

{¶37} The records reflects that appellant's originally assigned trial counsel died. On April 25, 2017, the court assigned the Cuyahoga County Public Defender to represent the appellant. On May 8, 2017, the court, on motion of the public defender, removed the public defender as counsel due to a conflict and assigned other counsel. Said counsel, on that same date, inexplicably filed a motion for a bill of particulars, a motion for discovery and demand for discovery, generally considered pretrial motions even though appellant's plea had been entered and he was merely awaiting sentencing.

{¶38} On May 24, 2017, appellant was before the court for sentencing with assigned counsel as well as an attorney who had been retained by appellant's family two days prior. The

attorney did have an opportunity to meet with appellant.

{¶39} Retained counsel attempted to make a motion before the court but was, in essence, foreclosed by the trial court from doing so.    The records reflects the following transpired:

> MR. MANCINO:   Here's the situation:   The family called me, they came on Monday and wanted me to meet with him and I did meet with him yesterday.   He said he was unhappy with his plea, he wanted to withdraw it and I haven't had an opportunity * * *.

> THE COURT:    On what basis did he give you for this displeasure?

> MR. MANCINO:   Well, he was forced to plea because whoever was appointed on the case, Mr. Kraus, apparently who is no longer here, cannot say anything, so it forced him to enter the plea in that case.

> THE COURT:    That's his basis?

> MR. MANCINO:    That's part of it.   I haven't had enough time to —

> THE COURT:    Okay, so I'm denying his motion to withdraw his plea * * *.

{¶40} Interestingly, the two assistant prosecuting attorneys who were then present for the sentencing hearing, waxed eloquent for a total of nearly nine pages of the transcript in response to the conversation had between retained counsel and the court.

{¶41} As the trial court failed to afford appellant the time, the opportunity and a hearing to fully move to withdraw his plea, I find that the court abused its discretion in denying what apparently was going to be a motion to withdraw a plea.